Burks, J.,
delivered the opinion of the court.
The American Stove and Hollow Ware Company brought an action of assumpsit in the corporation court *566 of the city of Norfolk, against J. E. Gillett, the plaintiff: in error here, to recover the amount of an account against him for goods sold and delivered. The declaration contains the common counts only, and the plaintiff’s account was filed as a hill of particulars with the declaration.
The defendant pleaded the general issue, and also filed an account of set-offs against the plaintiff’s demand. At defendant tendered a demurrer to the evidence, in which the plaintiff joined; and upon argument of the demurrer, the plaintiff had judgment for the amount of damages conditionally assessed by the jury in their verdict. .
The principles governing a demurrer to evidence are well settled by numerous decisions of this court. It is necessary to refer only to the recent case of Trout v. Va. & Tenn. R. R. Co., 23 Gratt. 619, where many of the cases are cited and commented on in the opinion of the court delivered by the president. The established rule is, that the demurrant allows full credit to the evidence of the demurree (waiving all of his own in coflict therewith), and admits all the facts directly proved by, or which a jury might fairly infer from, such evidence.
It is not denied by the counsel for the plaintiff in error, and if it were it is clearly proved by the evidence in this case, that the goods mentioned in the account filed with the declaration, were sold and delivered to the defendant, and that after sale and delivery, and before suit brought, the defendant admitted his indebtedness for the amount claimed by offering to pay it in weekly instalments until the whole amount should be discharged.
The only error assigned here is that there was no proof that the plaintiff' was an incorporated company. No evidence was offered to prove that fact, and under the pleadings none was necessary.
*567 In a suit by or against a corporation it was necessary at common law to prove the existence of the corporation whenever that fact was put in issue by proper plea; and it was held that the plea of non-assumpsit did put such fact in issue. Jackson's adm'x v. Bank of Marietta, 9 Leigh, 240, and cases there cited.
So it would be on the plea of nil debet, and the like.
The rule oftentimes operated delay in trials, sometimes surprise, and occasionally a total failure of justice. It was to remedy these mischiefs that the general assembly, by an act approved June 4,1870, amending section 39, chapter 171 of the Code of 1860, changed or modified the common law rule by providing that where plaintifis or defendants sue or are sued, as a corporation, it shall not be necessary to prove the fact of incorporation, unless with the pleading which puts the matter in issue there be an affidavit denying such incorporation. Acts of 1869-70, ch. 112, p. 151; Code of 1860, ch. 171, § 39; Code of 1873, ch. 167, § 40, p. 1094.
Ho affidavit was filed by the defendant with the plea in this case, and it is contended by Ins counsel here that the case does not come within the operation of the statute, because, as alleged, it does not appear that the plaintiff ■“sued as a corporation.”
We think it does sufficiently appear that the plaintiff ■“sued as a corporation.”
The writ and declaration are in the name of “The American Stove and Hollow Ware Company” as plaintiff. The name imports a corporation, or at least, the description amounts to an allegation that the plaintiff is a corporate body.
Woolf v. The City Steamboat Company, 62 Eng. C. L. 103, was a case in assumpsit. The declaration commenced thus: “ The plaintiff complains of The City Steamboat Company, who have been summoned,” &c. There *568 was a special demurrer to the declaration, assigning for causes, that the names of the defendants were not stated; that it did not appear whether they were sued as a corporaüon or a company completely registered, or by virtue 0f wkat act of parliament they were entitled to be sued by the name of a company. Maulé, J., in rendering judgment, the rest of the court concurring, said: “The moqe 0f pleading is governed either by positive rules or by a known course of precedents. There is no positive rule that I am aware of, which requires such a mode of description as the defendant’s counsel insists upon in this, ease; nor is the description which is given at all not of the usual form; it impliedly amounts toan allegation that the defendants are a corporate body.”
' In Norriss v. Stapps, Hob. 210, the Lord Chief Justice said: “I am opinion that they (the plaintiffs) needed not to show hoio they were incorporated, for the name argues a corporation, as the like of cities; and the plea nil debet (or the like) requires proof of it.”
The decision in Henrequies v. Dutch West India Company, 2 Ld. Raymond, 1532, is to the same effect.
In the case of Rees v. Conococheague Bank, 5 Rand. 826, the declaration was in the name of “The President and Directors of the Conococheague Bank,” without further description. It was not alleged in terms that the bank was a corporation, or how or by what'power it was incorporated. Judge Green, in his opinion, concurred in by the other judges, said: “ Whether the Bank of Conococheague is an incorporated bank or not, or whether they have a legal right to sue in the name of the ‘president and directors’ only, are questions which might have been put in issue by the defendant or raised upon the-, trial of the general issue. No averments as to these subjects were necessary in the declaration.”
*569 The mode of declaring at common law was not affected by the act of June 4,1870; and as the declaration in this case would have been sufficient prior to that act to indicate that the plaintiff “sued as a corporation,” it is sufficient for that purpose since the act; and as the defendant did not file with his plea the affidavit required, proof by the plaintiff “of the fact of incorporation” was dispensed with by the act.
The court is of opinion, for the reasons stated, that there is no error in the judgment of the corporation court of the city of Norfolk, and that the same should be affirmed.
Judgment arrirmed.