### 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

GRUBBS *v.* NATIONAL LIFE MATURITY INSURANCE COMPANY,

AND

SAME *v.* UNION CENTRAL LIFE INSURANCE COMPANY.

June 17, 1897.

1. PLEADING—*Declaration on a simple contract—Defence that contract is sealed—Oyer—Demurrer.*—Whether a paper declared on as a simple contract is a sealed contract or not cannot be raised by demurrer, but is a matter of fact to be presented at the hearing by proper plea or motion. It cannot be raised by craving oyer and demurring. As a general rule, the right to crave oyer of papers mentioned in a pleading applies only to specialties and to letters of probate and administration, and to deeds only when the party pleading relies upon the direct and intrinsic operation of the deed.

2. CORPORATIONS—*Seal—Evidence of seal.*—The mere presence of what purports to be the seal of a corporation impressed upon a contract which is valid and binding without the seal, unaccompanied by evidence that the officers of the company intended to, or did, affix it, is not sufficient to change the apparent character of the contract. It must be shown that the seal is the seal of the corporation and was affixed by its authority, and that it was the intention of the parties that it should be a sealed instrument.

3. MOTIONS TO RECOVER MONEY—*Insurance policy—Notice.*—A motion may be maintained under sec. 3211 of the Code for a judgment for money on an insurance policy, and the notice takes the place of both the writ and declaration.

Argued at Richmond.     Decided at Wytheville.

Error to judgments of the Circuit Court of the city of Richmond, rendered December 3, 1894, in two actions of *assumpsit*, wherein the plaintiff in error was the plaintiff, and the defendants in error were, severally, defendants.

*Reversed.*

The opinion states the case.

*Pollard & Sands* and *D. C. Richardson*, for the plaintiff in error.

*Christian & Christian,* for the defendants in error.

CARDWELL, J., delivered the opinion of the court.

These cases are before us upon writs of error to judgments of the Circuit Court of Richmond city. The action in each case is *assumpsit*, upon a policy of insurance issued to William A. Grubbs, now deceased, and the defendant craved oyer of the policy sued on, and demurred to the declaration, in which demurrer the plaintiff joined. The Circuit Court sustained the demurrer and dismissed each suit, on the ground that the policies are sealed instruments upon which an action of *assumpsit* will not lie.

At the lower left-hand corner of the policy in the first-named case there is impressed the following words: "*The National Life Maturity Ins. Co. began business May 16, 1883 (Seal)*;" and upon the policy in the other, in the same position, the words: "*Union Central Life Insurance Company, Cincinnati, Ohio (Seal)*." Above the impression, in the first case, the policy is signed on the right-hand side, "H. Browning, President," and on the left, "Geo. E. Eldridge, Secretary, by L. E. Albert;" and in the other case the policy is signed on the right, "R. S. Rust, Vice-President," and on the left, "E. P. Marshall, Secretary." Each policy concludes: "In witness whereof, etc. (the company) has, by its president and secretary, signed and delivered this contract," etc. There is nothing contained in either policy to indicate that the seal of the company was affixed or authorized to be affixed thereto by the officers signing for the company.

The declarations do not allege in terms, or in effect, that the policies were sealed instruments, but they are declared on as simple promises to pay to the beneficiary, upon the death

of the person to whom issued, or to him at a prior period of maturity, a specified sum of money, and alleging the death of the insured, the fulfilment of the conditions of the policy, etc.

As a general rule, the right to crave oyer of papers mentioned in a pleading, applies only to specialties and letters of probate and administration, not to other writings, and only applies to a deed when the party pleading relies upon the direct and intrinsic operation of the deed. *Langhorne* v. *Richmond R. Co., &c.,* 91 Va. 369. But if it be conceded that the defendants had the right to crave oyer of the policy sued on, the question whether or not it is a sealed instrument, intended and issued by the company as such, since it is not averred in the declaration that it is a sealed instrument, is one of fact to be presented at the hearing by proper motion or plea, but not by a demurrer to the declaration.

"It is now a rule well settled throughout the United States that a corporation may make a contract without the use of a seal, in all cases in which this may be done by an individual." 1 Morawetz on Pr. Cors., sec. 338. It is not infrequently the case that contracts of insurance are made and issued without the seal of the company issuing them being affixed thereto. The appearance of an impression upon a contract, as in these cases, is not always to be taken as changing the instrument from a simple contract to a specialty. In the case of *Weeks* v. *Esler,* 68 Hun. 518, the Supreme Court of New York held: "Before an instrument in the form of a promissory note, made by a corporation, with what purports to be the seal of the corporation impressed thereon, but containing no words indicating an intention to execute it as an instrument under seal, can be held to be a specialty and not a negotiable promissory note, it must be shown that the seal is the seal of the corporation and was affixed by its authority, and that it was the intention of the parties to the instrument that it should be an instrument under seal, and not negotia-

ble." This decision was affirmed by the Court of Appeals of New York, 143 N. Y. 374, and in the opinion of Gray, J., it is said: "Assuming that the presence of the corporate seal upon such an instrument or note, could affect its negotiability —a proposition as to which we entertain grave doubts, but which we do not feel called upon now to determine—we think that its mere presence, unaccompanied by a single fact evidencing that the company's officers intended to, or did, affix it, was quite insufficient to have any effect upon its apparent character." * * * "Whatever is claimed for the presumption which attaches ordinarily to seals of corporations, when appearing to be affixed to deeds or other instruments, in such a case as this it would be unreasonable to hold that any presumption existed."

To the same effect are the cases of *Jackson, &c.* v. *Myers Bros.*, 43 Md. 452, and *Metropolitan L. Ins. Co.* v. *Anderson*, 79 Md. 375. See also 21 Amer. & Eng. Enc. L. 912 note; *Burks T. Co.* v. *Myers*, 9 Amer. Dec. 402; and *Koekler* v. *Black River F. I. Co.*, 2 Black 716. The view taken by the court in all those cases is that the mere presence of what purports to be the seal of the corporation impressed upon a contract that would be a valid and binding contract though not under seal, unaccompanied by evidence that the company's officers intended to, or did, affix it, is insufficient to have any effect upon its apparent character. In other words, it must be shown that the seal is the seal of the corporation, and was affixed by its authority, and that it was the intention of the parties to the instrument that it should be an instrument under seal; all of which are matters of proof.

We are therefore of opinion that the demurrer in each of the cases before us should have been overruled, and the cases proceeded in to a trial upon their merits.

As the cases have to go back to the court below to be further proceeded in, we deem it inexpedient to consider the other questions presented and argued here. It may be said,

however, that sec. 3272 of the Code has no application to these cases, nor has sec. 3251, but the latter operates to repeal the Act of 1871-2, p. 58, which provided that "no particular form of declaration shall be necessary in an action on a policy of insurance," &c.; and the Act of March 3, 1896— Acts 1895-6, p. 707, amending sec. 3251 of the Code and restoring the Act of 1871-2, *supra*, having been enacted since the institution of these suits, it can have no bearing whatever upon them.

A motion may be maintained, under sec. 3211 of the Code for a judgment for money due on an insurance policy, and the notice of the motion takes the place of both the writ and the declaration. *Morotock Ins. Co.* v. *Pankey*, 91 Va. 259. But, when the plaintiff elects to bring a different form of action, the declaration filed must conform to the rules governing in the form of action adopted.

The judgment of the Circuit Court in each of these cases must be reversed and annulled, and the causes remanded for further proceedings therein in accordance with this opinion.

*Reversed.*