# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## BRADLEY SALT CO. v. NORFOLK IMPORTING & EXPORTING CO.

### DECEMBER 16, 1897.

#### Absent, Cardwell, J.

1. SEALED INSTRUMENTS—*Actual Seal—Recognition.*—An actual seal affixed to a contract for the sale of personal property must be recognized in the body of the contract in order to make it a sealed instrument.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk, rendered November 27, 1895, in an action of covenant on an instrument alleged to be under seal, whereof profert was made in the declaration, in which action the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*Harmanson, Heath & Heath* and *Gilmer S. Kendall,* for the plaintiff in error.

*William H. White,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The plaintiff in error instituted an action of covenant upon an agreement in writing for the sale and purchase of salt. The

defendant demurred to the declaration upon the ground that the writing sued on was not a sealed instrument. The court sustained the demurrer, and to that judgment this writ of error was awarded.

The corporate seal of each of the parties, as appears from the record, was affixed to the writing, but there is no recognition of the seals in the body of the instrument. If the seals affixed had been scrolls by way of seals, the writing would not be a specialty, for it is well settled in this State that in cases of contracts like that under consideration, which may be, indifferently, simple contracts or sealed instruments, the fact that a scroll is affixed to the name of the maker does not make it a sealed instrument unless there be a recognition of the seal in the body of the instrument. *Baird* v. *Blairgrove*, 1 Wash. 170; *Austin* v. *Whitlock*, 1 Munf. 487; *Anderson* v. *Bullock*, 4 Munford, 442; *Jenkins* v. *Hurt*, 2 Rand. 446; *Peasley* v. *Boatwright*, 2 Leigh, 195; *Buckner* v. *Mackay*, Id. 488; *Turberville* v. *Bernard*, 7 Leigh, 302 (note); *Cromwell* v. *Tate*, Id. 301; *Clegg* v. *Lemessurier*, 15 Gratt. 108; *Gover* v. *Chamberlin*, 83 Va. 286.

This is not denied, but is it claimed that where the seal affixed is an actual seal the rule is different, and recognition of the seal in the body of the instrument is not required. There is no doubt, as the plaintiff's counsel contends, that at common law such a recognition of the seal was not required, and if the common law rule upon the subject had been followed no such recognition would have been necessary in the case of scrolls. For they were in common use long before the statute of 1788 (now found in section 2841 of the Code of 1887) was enacted, and affixing a scroll to a writing for the purpose of making it a specialty was considered, as was said by President Pendleton in *Jones* v. *Logwood*, 1 Wash. 42 (decided in 1794), to be an act as solemn and as valid as making an impression upon wax for that purpose, and as a good substitute for a seal. Sub-

stantially the same view was taken by the courts of Pennsylvania, Maryland, South Carolina, and other Southern and Western States. *McDill* v. *McDill,* 1 Dallas, 63; *Trasher* v. *Everhart,* 3 Gil. & John. 234, 246; *Relph & Co.* v. *Gest,* 4 Nott & McCord, 267.

The courts of these States, for the most part, followed the common law rule, and did not require that a scroll, any more than an actual seal, should be recognized in the body of the writing to make it a specialty. *Trasher* v. *Everhart, supra; Relph & Co.* v. *Gest, supra; Harden* v. *Webster,* 29 Ga. 427; *Yarborough* v. *Monday,* 14 N. C. 420; *English* v. *Helms,* 4 Texas, at page 430; and *Jeffrey* v. *Underwood,* 1 Ark. 108.

In this State, however, a contrary practice has prevailed. The reason why such recognition was required is not stated clearly in the earlier cases.

In the case of *Austin* v. *Whitlock* (decided in 1810), 1 Mun. 487, Judge Tucker, one of the two judges who delivered opinions, seems to have thought that at common law the recognition of the seal in the body of the instrument was necessary, and that the same rule would apply where the sealing was done with a scroll.

The court, in *Buckner* v. *Mackay,* 2 Leigh, 488, seems to have thought that such recognition was necessary for a like reason, though the opinion is very brief, and not altogether clear as to what was meant.

In the case of *Cromwell* v. *Tate,* 7 Leigh, 301, decided in 1836, the practice in this State of requiring such recognition was considered, and the cases upon the subject referred to. In that case, in the opinion of the court, in which all the judges concured, it was conceded that at common law a recognition of the seal in the body of the writing was not necessary to make it a specialty, and that upon common law principles such recognition of the seal would not be necessary, although sealed with a scroll. But Judge Tucker, speaking for the court, said that the decisions of the court had been too frequent the other way

to justify a departure from them.    After referring to a number of cases to show that the common law rule had been departed from, he declares his unwillingness to overrule those cases, and then says: "Nor do I think it desirable to restore the common law doctrine.    The omission of the clause *in cujus rei testimonium* admits, I think, of gross abuses.    They are alluded to by Judge Tucker in his opinion in the case of *Austin* v. *Whitlock*.    The facility with which a seal of wax or a scroll may be fraudulently affixed to the name of the party, and the character of the instrument thereby entirely changed, affords an unanswerable argument in favor of requiring the recognition in the body of the instrument.    As the addition of the seal may create a lien on the realty; as it operates an estoppel, and concludes the party from denying the consideration or questioning the facts set forth in the instrument; as it elevates the contract to the dignity of a specialty in the distribution of assets; as it excludes the protection of the Act of Limitations; as it is so easy to add a seal fraudulently, without risque or detection; and as the proof of handwriting, in the absence of subscribing witnesses, is considered sufficient proof of sealing and delivery, I think it wise to require a recognition of the seal by the instrument itself, instead of trusting the proof of so important a fact to the slippery memory of witnesses.    Constituting, as the fact of sealing does, a part of the very contract itself, creating by its annexation to the signature, stipulations and terms, which, without it, would not arise out of its language, there is every motive for requiring that the recognition of it should be found in that writing, which contains all the other terms and stipulations between the parties to the contract.    Thus, it is conceded that *heirs* are not bound, unless named in the instrument; and even though named, they are not bound unless there be a seal.    If then, the obligation upon them must be set forth in the written stipulations of the instrument itself, it would seem to follow, that everything which is essential to the completion of that obligation must be there set forth; and, as sealing is an essential,

the sealing should be set forth, or recognized in the body of the instrument. It is, indeed, contrary to the analogies and principles of the law, that an essential term or stipulation of a written contract should be made to. depend wholly upon testimony. *dehors* the instrument.

"Upon the whole, therefore, I think it is no subject of regret that the rule of recognition has been established."

It is true that the opinion quoted from was delivered in a case in which the alleged sealing was done with a scroll. The reasoning, however, was equally applicable to both kinds of sealing, and seems to have been intended to apply to both. Why such a recognition of the seal should be required when to the maker's signature there was affixed a scroll with the word "seal" written in it, and not required when a wafer or piece of wax was so affixed, would be difficult to conceive.

There was nothing in the statute of .1788 (which was a mere declaration of the existing law, *Jones* v. *Logwood,* 1 Wash. 42), which required such recognition, as is clear from the language of the statute, and as is most convincingly shown in the opinions of the courts of other States having statutes identical with or similar to ours, when giving their reason for not requiring such recognition.

When seals first came into use the impression made upon the wax or other substance was doubtless of some value in determining whose seal it was. But now, and for a long time, they have had but little, if any, such value, where the maker is a natural person.

More than a century ago, Judge Pendleton called attention to this fact. "What," he asked, "is the private seal of an individual? Does an impression furnish any criterion by which to decide whether it be his seal or not? It is true that some few gentlemen have seals which impress their family coats of arms; but those are rare indeed when compared with the great body of the community who have no seals, and who use such as are placed on the writing for them, and make them their own

by acknowledging them to be such. In truth and reality then, it is unimportant whether the adoption be of wax or a scroll." *Jones* v. *Logwood, supra,* pp. 43-4.

While the reasoning of the judges in cases which held that such recognition was necessary, applied equally to both kinds of seals, no case seems to have been decided by the court where the seal affixed was an actual seal, and not a scroll, until the decision of the case of *Dinwiddie County* v. *Stuart, Buchanan & Co.* was made. 28 Gratt. 526, 530-1.

In that case the writing under consideration purported to be a bond of Dinwiddie county for the payment of money, and to it was affixed the seal of the county court of that county.

The question was raised in the petition for the writ of error (as appears from the papers in the case on file in this court and which we have taken occasion to examine) that the writing sued on was not a specialty because there was no recognition of the seal in the body of the instrument. In the brief of counsel for the defendants in error, the position was taken, among others, in reply to that assignment of error, that such recognition was only required where the seal affixed to the maker's name was a scroll by way of seal, and that when the seal affixed was an actual seal the common law doctrine was in full force, and no such recognition was necessary. Most, if not all, of the decisions of this court upon the subject were cited and commented upon by counsel. The question now under consideration was therefore directly presented and passed upon in that case. Judge Christian, who delivered the opinion of the majority of the court, Judge Staples and Burks concurring in the opinion, said: "I am further of the opinion that the paper exhibited in the record as the bond of the county of Dinwiddie is invalid as a bond. Such invalidity, however, did not arise from any want of legal form. In form and legal effect it is a bond. It is an obligation on the part of the county of Dinwiddie to pay a sum certain to Stuart, Buchanan & Co. It is sealed with the seal of the court. The seal is acknowledged

in the body of the instrument as follows: 'being a bond created by order of the county court of Dinwiddie, made in pursuance of an act of the General Assembly of Virginia,' etc.    This is equivalent to saying, being an instrument under *seal*, and is a sufficient recognition of the seal in the body of the instrument."

It is clear from the above quotation that those judges were of opinion that a recognition of the seal in an instrument like the one sued on in that case, although the seal affixed to the maker's name was an actual seal, must appear in the body of the instrument in order to make it a specialty, otherwise they would not have relied on a somewhat doubtful recognition of the seal in the body of the writing (for in *Cromwell* v. *Tate, supra*, it was said the recognition ought to be express), but would have held that where the seal affixed to the maker's name is an actual seal the common law rule was still in force, and there was therefore no necessity for such recognition.    See *Keller* v. *McHuffman*, 15 W. Va. at page 85-6.

The fact that the court could have decided the case of *Dinwiddie County* v. *Stuart, Buchanan & Co.* without passing upon that question does not destroy, though it may weaken its value as a precedent.    But if we had the right to disregard it as a precedent or to reconsider the question there decided, we would have no dispositon to do so; for, as before said, there is no reason why such recognition of the seal should be required in one class of seals that does not equally apply to the other, and as the doctrine is firmly settled by a long line of decisions that as to scrolls there must be such recognition, it is better that the same rule should apply to actual seals as well.

In nothing is the wisdom of modern jurisprudence more clearly shown than its effort to get rid of needless distinctions and technicalities, the enforcement of which frequently results in injustice, and the consideration of which takes up the time of the courts, when it could be much better employed in the investigation of cases upon their merits.

Many of the States have abolished the distinction between

sealed and unsealed instruments where the contracts evidenced by them may be indifferently, one or the other; and other States have provided that *assumpsit* may be brought upon a sealed as well as upon unsealed instruments.

The case of *Grubbs* v. *National Life Maturity Insurance Co.*, 94 Va. 589, it is insisted, sustains the plaintiff's contention in this case. There are expressions in the opinion of the court in that cases which give color to this contention, but, when carefully examined, it will be found that those expressions were not necessary to the decision of the questions raised in those cases, and cannot be regarded as a decision of the question involved in this case.

There is a class of cases like *Parks* v. *Hewlett*, 9 Leigh, 511; *Pollock* v. *Glassell*, 2 Gratt. 439; and *Ashwell* v. *Ayres*, 4 Gratt. 283, referred to and explained in *Clegg* v. *Lemessurier*, 15 Gratt. 115, etc., in which the instrument under consideration was required by law to be under seal in order to be effective, where a different rule was applied. Nothing that has been said in this opinion is intended, in any wise, to refer to or affect the rule in that class of cases.

There is no error in the judgment complained of, and it must be affirmed.

*Affirmed.*