# LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Mason's Stores, Inc.
and Insurance Co. of North America

v.

National Union Insurance Company
of Washington

November 17, 1966

Case No. A-9019

## By JUDGE A. CHRISTIAN COMPTON

The Court has decided to overrule the Demurrer, the Plea craving oyer, and grounds 1 and 2 of the Plea in Abatement. Ground 3 of the Plea in Abatement is sustained.

### The Plea in Abatement

The names "Insurance Company of North America" and "National Union Insurance Company of Washington" impart a corporation and amount to an allegation that each is a corporate body, therefore the defendant's contention that the Motion for Judgment must designate the types of these entities is not well taken. *Gillett v. The American Stove and Hollow Ware Co.*, 70 Va. (29 Gratt.) 565 (1877); *Balt. & Ohio RR. Co. v. Sherman's Adm'x.*, 71 Va. (30 Gratt.) 602 (1878); 4 M.J. *Corporations*, Sections 238, 245.

In support of the third ground of its Plea in Abatement, the defendant urges that the plaintiff insurer is the "owner" of the claim and that the party

bringing the suit must be the real party in interest. The position of the plaintiffs is that this is a subrogation action and that there is no prohibition from suing in the names of the insured *and* its insurer.

In 83 C.J.S., *Subrogation*, pp. 719 and 720, the general rule is stated as follows:

> At common law in an action to enforce subrogation, the subrogee is neither a proper nor a necessary party plaintiff, but he is required to sue in the name of the creditor. . .
>
> In a law court, independent of statute, suit must be brought in the name of the person whose real rights are being litigated.

The statute in Virginia has modified the above rules to some extent and provides, in part, that when the insurer becomes subrogated to the assured's rights under the provisions of any policy of insurance, "such company may enforce, in its own name *or* in the name of the assured . . . the legal liability of such other party." Section 38.1-312, Code (emphasis added). This statute provides alternative choices and indicates that the suit should be brought in the name of one "*or*" the other, that is, the insured or the insurer and not both. For the reasons stated above, the Court holds that there has been a misjoinder of parties plaintiff. Counsel for the plaintiffs, however, should have the right to choose whether the subrogee shall become the plaintiff and the defendant should not have this privilege. Here the defendant urges that Mason's Stores, Inc., be dropped as a plaintiff.

### The Plea Craving Oyer

The plaintiff's claim that Mason's was an additional insured under the defendant's policy and covered thereunder at the time the causes of action described in paragraph 5 and 6 of the Motion for Judgment arose. The defendant craves oyer of that policy.

Generally the right to crave oyer of papers mentioned in a pleading applies only to deeds and letters of probate and administration and not to other writings. 14 M.J. *Profert and Oyer*, p. 664. See also

Burks Pleading and Practice, 4th Ed., Section 332 and Code, Section 8-105. In this case the policy (which has been described in the Motion for Judgment by serial number so that there would seem to be no room for doubt as to the identification of the one which is sued upon) is not in possession of the plaintiff insurer but is, or should be, in the possession of the defendant. Instruments in the possession of the defendant need not be produced in answer to oyer, and the plea craving oyer will be denied. 14 M.J. *Profert and Oyer*, p. 666. For a case in which the defendant craved oyer of an insurance policy, see *Grubbs* v. *National Life et al.*, 94 Va. 589 (1897).

### The Demurrer

The defendant states that the Motion for Judgment is not sufficient in law because: (1) it merely alleges the existence of "a policy" of insurance but does not say what type of policy it is; (2) there is no allegation that it was the defendant's duty "to pay" the claims but merely alleges it was the defendant's duty "to defend"; and (3) no cause of action has been stated.

The Court finds that the Motion for Judgment states a cause of action and clearly informs the defendant of the true nature of the claim (Rule 3:18(d)) and is therefore sufficient in law.

The plaintiff alleges by precise number a policy in which Mason's is an additional assured of the defendant; that suits were brought as a result of alleged wrongful acts of the aforesaid assured; that the defendant was called on to assume the defense of its assured but refused to do so; that the plaintiff insurer then took over the defense, investigated the claims, employed counsel and settled the claims, all after notice to the defendant; and, that as a result the plaintiff insurer was damaged. While the Motion for Judgment in exact language does not state that the defendant was under a "duty to pay" the claims, a reasonable construction of the entire pleading, and particularly paragraph 13 thereof, sets forth sufficient allegation of such a duty when tested by Demurrer.