## Richmond

### County School Board of Fairfax County

### v.

### M. L. Whitlow, Inc., Et Al.

January 22, 1982.

Record No. 791081.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, and Stephenson, JJ., and Harrison, Retired Justice.

*Thomas J. Cawley (Robert H. J. Loftus; Grady K. Carlson; McCandlish, Lillard, Church & Best,* on briefs), for appellant.
*Robert C. Adams (Kennon W. Bryan; Swayze, Tydings, Bryan & Adams,* on brief), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

The School Board of Fairfax County (the Board) brought suit against M. L. Whitlow, Inc. (Whitlow), and its surety, Reliance Insurance Company (Reliance), alleging the roof of a school building built by Whitlow was defective. The trial court ruled that

the School Board's action was barred by the five-year statute of limitation.* On appeal, the Board argues that:

1. Statutes of limitation cannot bar suits by a school board.

2. In any event, since the contract was under seal, a ten-year limitation applies.

On September 18, 1970, the Board and Whitlow entered into a contract for construction at the Oakton Elementary School. At the same time, Whitlow and Reliance executed a performance bond. Both the bond and the contract were impressed with the appropriate corporate seals, and each document incorporated the other by reference. However, while the bond contained an acknowledgment that it was a sealed instrument, the contract did not.

The trial court found that the last work was performed on the building in June, 1972. Therefore, the Board's suit against Whitlow, which was not filed until January, 1978, was time-barred.

As its primary argument, the Board contends that statutes of limitation do not apply to it, relying on Code § 8.01-231 which provides: "No statute of limitations which shall not in express terms apply to the Commonwealth shall be deemed a bar to any proceeding by or on behalf of the same. This section shall not, however, apply to agencies of the Commonwealth incorporated for charitable or educational purposes." The Board argues that the exception contained in the second sentence of the statute does not apply. Its reasoning is that a school board, while serving educational purposes, is not "incorporated."

The Board bases its argument on the fact that school boards are provided for in the Virginia Constitution, Article VIII, Section 7, and do not, therefore, owe their existence to a charter granted by the General Assembly. However, we feel, as did the trial court, that this issue is controlled by Code § 22.1-71 (formerly § 22-63) which states, in part, that every county school board is "a body corporate and, in its corporate capacity, . . . may sue, be sued, contract, be contracted with . . . ." We think it clear that school boards are incorporated within the meaning of Code § 8.01-231 and, therefore, are subject to statutes of limitation.

Given the above, the Board contends that this case is governed by a ten-year limitation, the contract being under seal. We reject this argument.

---

* Under the statute in force at the time this suit arose, the time limitation for bringing actions was ten years on contracts under seal and five years on contracts not under seal. Former Code § 8-13 (repealed, Acts 1977, c. 617).

The impression of a corporate seal on a document, without more, does not create a sealed instrument. *Bradley Salt Co.* v. *Norfolk Etc. Co.,* 95 Va. 461, 28 S.E. 567 (1897); *Grubbs* v. *National Etc. Co.,* 94 Va. 589, 27 S.E. 464 (1897).

> [T]he mere presence of what purports to be the seal of the corporation impressed upon a contract that would be a valid and binding contract though not under seal, unaccompanied by evidence that the company's officers intended to, or did, affix it, is insufficient to have any effect upon its apparent character. In other words, it must be shown that the seal is the seal of the corporation, and was affixed by its authority, and that it was the intention of the parties to the instrument that it should be an instrument under seal; all of which are matters of proof.

*Id.* at 592, 27 S.E. at 465-66.

Here, there was no acknowledgment on the document that it was under seal, nor was there any other evidence that the parties so intended.

Further, we reject the argument that the performance bond, a properly sealed instrument, can impart its character to the contract by incorporating it. "Recognition of an unsealed instrument by a sealed instrument does not confer on the former the character of an instrument under seal." *City of Richmond* v. *Telephone Company,* 205 Va. 919, 926, 140 S.E.2d 683, 688 (1965).

We conclude the trial court was correct in holding that the Board's suit against Whitlow was not timely brought. Therefore, the judgment of the trial court will be affirmed.

*Affirmed.*