## Richmond

COUNTY SCHOOL BOARD OF FAIRFAX COUNTY

V.

## A. A. BEIRO CONSTRUCTION COMPANY, INCORPORATED, ET AL.

January 22, 1982.

Record No. 791613.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, and Stephenson, JJ., and Harrison, Retired Justice.

*Thomas J. Cawley (Robert H. J. Loftus; Grady K. Carlson; McCandlish, Lillard, Church & Best,* on briefs), for appellant.
*John N. Fenrich, Jr.,* for appellees.

STEPHENSON, J., delivered the opinion of the Court.

The School Board of Fairfax County (the Board) brought suit against A. A. Beiro Construction Company (Beiro) and its surety, Travelers Indemnity Company (Travelers), alleging the roof of a school building built by Beiro was defective. The trial court ruled that the School Board's action was barred by the statute of limitation. On appeal, the Board argues the suit was brought within five years of the time the cause of action arose.*

On October 30, 1970, the Board and Beiro entered into a contract for construction at the Belleview Elementary School. The plans called for both an addition to and the alteration of the existing school building. The construction was to be done in four phases, with only Phase One involving roof installation.

The parties agree that the roof was substantially completed in May, 1971, and fully completed by February, 1972. All areas of the building were occupied by the Board by the end of 1971. While the architect did not approve final payment until August, 1973, and this payment was not made until July, 1974, Beiro argues the building was completed in August, 1972. Suit was not filed by the Board until January, 1978.

The trial court, relying on *Virginia Military Institute* v. *King,* 217 Va. 751, 232 S.E.2d 895 (1977), held the cause accrued when

---

* Under the statute in force at the time this suit arose, the time limitation for bringing actions was ten years on contracts under seal and five years on contracts not under seal. Former Code § 8-13 (repealed, Acts 1977, c. 617). The Board argues that, as an agency of the State, no limitation applies to it and, alternatively, that the contract was under seal. *See County School Bd.* v. *Whitlow, et al.,* 223 Va. 157, 286 S.E.2d 230 (1982). Our decision that the suit was brought within five years makes it unnecessary to reach these issues.

the roof was completed, February, 1972 at the latest. We cannot agree. In *King,* an architect contracted both to design a building and to supervise its construction. The contract, by its terms was divisible, and we held a cause of action for negligent design accrued when that portion of the contract was completed.

The contract in the present case was not divisible. The contractor retained the right to correct defects until the time the building was completed. Indeed, the architect and Board frequently inspected the site and corresponded with the contractor so that corrections could be made.

Nor do we feel that *Housing Authority* v. *Laburnum Corp.,* 195 Va. 827, 80 S.E.2d 574 (1954), and its progeny are apposite. *Laburnum* involved a suit sounding in tort for property damage caused by a breach of implied warranty. The contractor had improperly connected a gas pipe while constructing a building, leading to an explosion after it was completed. We held that the action arose at the time the connection was made and not when the building was completed. The present case, however, sounds in contract, not tort.

The Board's cause of action accrued, at the earliest, in August, 1973, when the architect issued the certificate of final payment. The suit, therefore, was timely filed. The judgment of the trial court will be reversed and the case remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*