## CIRCUIT COURT OF FAIRFAX COUNTY

McCue & McCue Limited Partnership

v.

Hamel Health Ventures,
Inc., et al.

October 10, 1989

Case No. (Law) 90344

By JUDGE JOHANNA L. FITZPATRICK

The sole issue before the Court under defendants' Joint Plea in Bar is whether the initial ten-year lease dated August 29, 1988, is void under the Statute of Conveyances. This Court heard argument on September 15, 1989. For the reasons stated below, defendant's Joint Plea in Bar is disallowed and defendant's Motion to Dismiss is denied.

McCue & McCue Limited Partnership entered into a ten-year lease with Hamel Health Ventures, Inc., dated August 29, 1988. The lease was personally guaranteed by Diane R. Hamel and Dean E. Hamel by a separate Lease Guaranty also dated August 29, 1988. The parties later entered into a Supplemental Lease Agreement dated October 17, 1988, for additional space in the same building.

Defendants claim that the original lease dated August 29, 1988, is void because it was not executed in compliance with Virginia's Statute of Conveyances. That statute (set forth at Va. Code § 55-2) provides that "[n]o estate . . . for a term of more than five years in lands shall be conveyed unless by deed or will . . . ." The term

of the lease in question clearly exceeds five years, so it falls under § 55-2. *Smith v. Payne*, 153 Va. 746 (1928). The Court must therefore decide whether the lease in question satisfies the requirements of a deed.

On this point, defendants raise four alleged defects in the lease, the first of which attacks the substance of the lease while the remaining three attack its form:

(1) The lease fails to recite that it is a "deed," a "grant," or a "conveyance";

(2) It was not acknowledged before a notary;

(3) The lease has no seal; and

(4) It has no scroll.

Defendants cite § 55-48 ("Form of a deed") as authority that a document must contain certain terms to operate as a valid deed. The language set forth in that statute is entirely permissive, however. As explained in *Albert v. Holt*, 127 Va. 5 (1923), no magic language is required under Virginia law to create a deed, so an instrument is not defective simply because it does not use the precise wording suggested in the Code. *See, Corbett v. Ruben*, 223 Va. 468 (1982) (holding that "[n]either statutory nor common law requires a grantor to employ words of art so long as 'the intention to grant is so manifest on the fact of the instrument that no other construction could be put upon it' "). *See also*, 26 C.J.S. *Deeds* § 28. The Court holds that the terms and conditions set forth in the detailed 24-page agreement dated August 29, 1988, represent as clear an indication of a ten-year lease as a lessor could communicate.

Defendants' next contention is that the lease is void because it was not notarized. As clearly discussed in *Peatross v. Gray*, 181 Va. 847 (1943) (as well as the other cases cited in the annotation under § 55-106 at Part (V)(A)), a notary's acknowledgment is only required for purposes of recordation under § 55-106; an unacknowledged but otherwise properly executed deed still passes good title as between the parties. In addition, a failure to acknowledge or record will usually not affect the validity of the lease between the landlord and tenant. *See* 3 Powell on Real Property para. 222[3], n. 30.

Defendants' final two attacks on the lease concern the requirement of a seal. Plaintiff responds by claiming that Virginia no longer requires a seal or a scroll for

a conveyance of property. If the Court insists on finding a seal, the plaintiff contends that the required seal is supplied in this case by the Doctrine of Merger.

Generally, a deed must be properly executed to be effective under Virginia law. *Smith v. Plaster*, 151 Va. 252 (1928). The three elements of execution are (1) the signature, (2) the seal, and (3) delivery. Neither party contests the first and third elements, so the Court will focus its discussion on the requirement of a seal.

While originally given great importance, the modern trend has been to relax the need for a formal seal. *See, Covington Virginian, Inc. v. Woods*, 182 Va. 538 (1944), and *Smith v. Plaster*, 151 Va. 252 (1928). Indeed, the seal requirement has been altogether abolished by statute in some states. *See, e.g.,* 26 C.J.S. *Deeds* § 34(b), Burby *Real Property* 289 (3d ed. 1965), 6A Powell on Real Property para. 898[1][f], n. 87. The Virginia legislature has for its part enacted several provisions to relax the seal requirement. Under Va. Code § 11-3, for instance, the legislature provided that a "scroll by way of a seal" has the same effect as an actual seal. In addition, a writing which includes terms such as "this deed" or "this indenture" are to be given the same force as if it were actually sealed, even though no scroll or seal is attached. *Id.* (Although § 11-3 appears in Title 11 ("Contracts") immediately after Virginia's Statute of Frauds (§ 11-2), the language in § 11-3 expressly refers to § 55-48: there can be no question that any seal requirement contained in Chapter 55 was likewise relaxed by § 11-3). Likewise, Section 55-123 retroactively validated pre-1982 acknowledgments lacking a notary's seal, while the distinctions between certain sealed and unsealed documents was eliminated in Section 8.01-246(2) and § 55-136.

Despite these provisions, however, it would be incorrect to conclude that Virginia has abolished the seal requirement for deeds altogether. In point of fact, defendants cite two Virginia Supreme Court cases in which leases exceeding five years were invalidated for want of a seal. As will be discussed below, neither case is directly applicable to the case at bar. They do indicate, however, that Virginia has not yet eliminated the requirement that certain deeds be properly sealed.

The first case cited by defendant, in which a lease was voided for lack of a seal is *Granva Corp. v. Heyder*, 205 Va. 660 (1964). In that case, the Virginia Supreme Court held that a lease failed to satisfy the deed requirements because the grantor had not affixed its corporate seal. That case is inapposite for two reasons. In the first place, the grantor in this case is a limited partnership. Any heightened requirement regarding corporate seals would not aid the Court in the case at bar. In the second place, the lease in *Granva* also contained explicit language, not found in the instant lease, to the effect that the *Granva* lease was of no effect unless properly executed by the lessor (corporation).

The second case relied on by defendants in support of the seal requirement is *Stores Building Corp. v. Conover*, 204 Va. 457 (1983). In that case, which also involved the validity of a written ten-year lease, the grantor failed to affix its corporate seal. The grantor had previously sued the tenant for unpaid rent. The Circuit Court had rendered a judgment in the landlord's favor in that initial suit, ruling that the defendants were tenants from year-to-year. The landlord subsequently instituted a second suit to recover the additional rents which became due after the first action was filed. The Circuit Court in that second action granted summary judgment in favor of the tenants (under claim preclusion), and the Supreme Court reversed (in the opinion published at 204 Va. 457).

The defendants herein contend that the *Stores* decision gives this Court the authority to void a ten-year lease which is not properly sealed. Looking beyond the fact that the landlord in *Stores* was also a corporation (as in *Granva, supra*), this Court does not glean from the *Stores* decision the same proposition as that urged by the defendants. The Supreme Court's opinion does not indicate why the Circuit Court in the first action had transformed the ten-year lease into a year-to-year tenancy, and this Court is not willing to conclude that the reason could only have been the lack of a corporate seal under Section 55-2. Rather, the case of *Smith v. Plaster* controls, in which the Supreme Court held that one of the essential requisites of a deed conveying a freehold estate of more than five years is that it have a seal affixed thereto. 151 Va. 252 (1928).

The plaintiff does not contend that the lease dated August 29, 1988, is actually sealed, or that it contains a scroll in place of a seal, or that it contains words importing a sealed instrument, any one of which would suffice under § 11-3. Instead, plaintiff suggests that the seal is supplied by the Doctrine of Merger. The Court is directed under this approach to transplant the seal language from the Lease Guaranty and/or the Supplemental Lease Agreement onto the original lease.

This approach is faulty for two reasons. In the first place, the Doctrine of Merger is a principle of construction designed to aid courts in interpreting the meaning of terms used in written instruments; it is not a technique for transplanting seals. More importantly, however, the Virginia Supreme Court has expressly disapproved of the very technique advanced here by the plaintiff: " 'Recognition of an unsealed instrument by a sealed instrument does not confer on the former the character of an instrument under seal'." *County School Bd. of Fairfax v. Whitlow*, 223 Va. 157, 160 (1982), (*quoting*, *City of Richmond v. Chesapeake & Potomac Telephone Company of Va.*, 205 Va. 919, 926 (1965)). *See also*, 79 C.J.S. *Seals* sect. 2.

Rather than simply engrafting the seal language from the Lease Agreement or Supplemental Lease onto the original lease under the Doctrine of Merger, the plaintiff could have contended that the seal language contained in the Lease Guaranty was made an operative part of the primary lease according to Paragraph 41, which provided that:

Exhibit 3, Personal Guaranty, consisting of one (1) page, is attached hereto, *and made a part hereof*. (emphasis added)

This technique must also fail, however, because the contracts invalidated in *Whitlow*, *supra*, also expressly incorporated each other by reference. *Whitlow*, 223 Va. at 158.

The next question concerns the effect of a ten-year lease which is not properly sealed. While not raised by either party, the Court would first address whether a defectively executed deed is void or merely voidable;

and if voidable, whether the Lease Guaranty or Supplemental Lease effectively ratified the original Lease, as discussed in C.J.S. *Deeds* §§ 37, 67, and 68. These questions need not be resolved at this time, however, because defendants' Motion to Dismiss is couched in the context of a Plea in Bar. As discussed immediately below, the Court is not persuaded that a defectively executed ten-year lease is void as between the parties thereto. This conclusion is mandated by § 55-51, which provides that:

> Any deed, or part of a deed, which shall fail to take effect by virtue of this chapter shall, nevertheless, be as valid and effectual and as binding upon the parties thereto, so far as the rules of law and equity will permit, as if this chapter had not been enacted.

While the Court has found no cases applying the above provision, § 55-51 on its face rejects defendants' contention that a ten-year lease is void as between the parties if it fails to satisfy the requirements of a deed as provided in § 55-2. Without expressing any opinion as to the validity of the following theories, the Court notes that § 55-51 could operate to transform the ten-year lease into a five-year lease, with any additional time invalidated by § 55-2. Or it could transform the ten-year lease into a year-to-year lease. At this juncture, it suffices to hold that § 55-51 prevents this Court from allowing defendants' Plea in Bar.

The plaintiff argues that a defectively executed deed may be enforced as a contract for a lease. This theory is not ripe for disposition because it requires the resolution of certain disputed facts, such as whether the leased space was ever occupied.

In sum, the Court holds (1) that the ten-year lease dated August 29, 1988, must satisfy the requirements of a deed because it falls within § 55-2 and (2) that the lease was defectively executed because it was not properly sealed. In light of § 55-51, however, defendant's Plea in Bar is disallowed, and their Motion to Dismiss is denied.