Present: All the Justices

SUFFOLK CITY SCHOOL BOARD

v.  Record No. 970414

OPINION BY JUSTICE LAWRENCE L. KOONTZ, JR.

January 9, 1998

CONRAD BROTHERS, INC.

FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Westbrook J. Parker, Judge


This appeal arises from a suit by the Suffolk City School Board (the Board) against a general contractor engaged to build two high schools.  The Board alleges that the contractor, Conrad Brothers, Inc., installed defective roofs in the schools, resulting in damage to both.  The trial court ruled that the suit was barred by the applicable five-year statute of limitations.  Code § 8.01-246(2).  The issue we consider on appeal is whether the trial court erred in this ruling.  Specifically, we determine when the Board's cause of action accrued pursuant to the provisions of Code § 8.01-230.

The essential facts are not in dispute.  On February 26, 1986, the Board entered into a contract with Shriver and Holland Associates (the architects) to provide architectural services and representation throughout the various phases of the planned construction of the two high schools (the architects' contract).  For purposes of determining the architects' obligations and right to compensation, this contract contained a provision that "[t]he Construction Phase . . . will terminate when final payment to the Contractor is due, or in the absence of a final Certificate for Payment or of such due date, sixty days after the Date of Substantial Completion of the Work, whichever occurs

first."  On October 14, 1988, the Board entered into two separate, but substantially similar, contracts with Conrad Brothers as the general contractor for the construction of the two high schools under the direction of the architects (the construction contracts).  The construction contracts fixed the time for final completion of construction as the date of issuance of a "final Certificate for Payment" by the architects.

Thereafter, Conrad Brothers commenced work on both schools and the architects issued certificates noting substantial completion for both schools as of September 3, 1990.  The architects' "punch lists" appended to each certificate showing what further work was to be completed by the contractor before final payment would be authorized included references to correction of the defective roofs.  On November 27, 1990, and on several occasions thereafter, the Board contacted Conrad Brothers to report leaks in the roofs of both schools.  Conrad Brothers received these notices and took steps to remedy the defective condition of the roofs.

On February 4, 1991, Conrad Brothers submitted to the architects an application for final payment with respect to construction of both high schools.  The architects issued certifications for payment of Conrad Brothers to the Board on March 13, 1991.  The Board filed the present suit against Conrad Brothers on February 13, 1996.[1]  Conrad Brothers filed a plea of

_____

[1] The Board's suit also asserts a negligence claim against Conrad Brothers.  See Code § 8.01-272 (permitting a party to join a claim in tort with one in contract provided that such claims arise out of the same transaction or occurrence); see also Code § 8.01-243(B) (providing a five-year limitations period for

the statute of limitations, asserting that the Board had notice of the defective conditions of the roofs on or before September 12, 1990.

Following a hearing on Conrad Brothers' plea, the trial court issued a letter opinion in which it referenced the previously noted provisions of the architects' contract which specified that the "construction phase" of the projects would expire sixty days after the issuance of the certificates of substantial completion. Determining that this date was November 2, 1990, the trial court set the commencement of the limitations periods at that point. Based upon this determination, the trial court held that the statute of limitations ran on November 2, 1995, more than three months prior to the filing of the Board's motion for judgment. A final order was entered on December 4, 1996, adopting by reference the reasons stated in the trial court's initial opinion letter. We awarded the Board this appeal.

We first consider the trial court's reliance on the terms of the architects' contract to determine the termination date of the construction contracts. The construction contracts contain express terms addressing their duration and termination, and nothing within the construction contracts links their termination to the termination of the construction phase defined in the

(..continued)
actions for injury to property). Because the trial court did not specifically address this claim and the parties have not addressed it on appeal, we will not address it in this opinion. The Board also asserted a claim for breach of contract against the architects, but that claim is not a part of this appeal.

architects' contract.  Although using similar terms and related to the same projects, the contracts are independent expressions of the agreements between the Board and the architects, on the one hand, and the Board and Conrad Brothers on the other. Accordingly, the trial court's determination that the Board's cause of action against Conrad Brothers accrued on November 2, 1990 pursuant to the architects' contract was in error.  Under the applicable provisions of the construction contracts the construction was complete upon the issuance of a "final Certificate for Payment," which did not occur here until March 13, 1991, less than five years before the litigation was commenced.

Conrad Brothers asserts, however, that the trial court's judgment can be sustained under a "right result, wrong reason" analysis.  See, e.g., Harrison & Bates, Inc. v. Featherstone Associates Ltd. Partnership, 253 Va. 364, 369, 484 S.E.2d 883, 886 (1997).  Conrad Brothers contends that Code § 8.01–230 abrogates the common law rule permitting a party to an indivisible executory contract to elect between pursuing his remedy when an action which would constitute a breach occurs or awaiting the time fixed by the contract for full and final performance.  Continuing, Conrad Brothers contends that Code § 8.01–230 provides that the statute of limitations on any cause of action for breach of contract involving damage to property commences upon the occurrence of the breach, regardless of whether the breaching party continues to perform.  Thus, in the present case, Conrad Brothers asserts that the statute of

limitations began to run at least prior to November 27, 1990 when the Board first acknowledged that the roofs were defective.

Prior to the enactment of Code § 8.01-230, the rule with respect to the running of a statute of limitations for a breach of an indivisible executory contract was clear:

> In the case of an indivisible or entire contract, a party seeking to recover for a breach committed while the contract remained executory, or for an anticipatory breach committed before expiration of the time agreed upon for full and final performance, has the election of pursuing his remedy when the breach occurs, or of awaiting the time fixed by the contract for full and final performance. If he elects the latter course, the statute of limitations does not begin to run against his right of action until the time for final performance fixed by the contract has passed. Andrews v. Sams, 233 Va. 55, 58, 353 S.E.2d 735, 738 (1987); County School Bd. v. Beiro, 223 Va. 161, 163, 286 S.E.2d 232, 233 (1982); Simpson v. Scott, 189 Va. 392, 400, 53 S.E.2d 21, 24 (1949).

Roberts v. Coal Processing Corp., 235 Va. 556, 561, 369 S.E.2d 188, 190 (1988).[2]

When the present construction contracts were executed, Code § 8.01-230 provided in pertinent part:[3]

> In every action for which a limitation period is prescribed, the cause of action shall be deemed to

---

[2] Although Roberts and several of the cases cited therein were decided after the enactment of Code § 8.01-230, these cases dealt with contracts which predated the revision of the Code.

[3] In 1996, Code § 8.01-230 was amended, and the term "right of action" was substituted for "cause of action." The Board has concentrated much of its argument on the distinction between these two terms, asserting that its "right of action" accrued, and, thus, in the Board's estimation, the running of the statute of limitations commenced, upon the termination of the construction contracts, even if its "cause of action" accrued earlier. Cf. Stone v. Ethan Allen, Inc., 232 Va. 365, 368-70, 350 S.E.2d 629, 631-32 (1986). We express no opinion as to the merits of this assertion, as the distinction between the Board's "cause" and the "right" of action is not relevant to our resolution of this appeal.

accrue and the prescribed limitation period shall begin to run from the date . . . when the breach of contract or duty occurs in the case of damage to property and not when the resulting damage is discovered . . . .

Conrad Brothers' essentially contends that Code § 8.01-230 eliminates the distinction between divisible and indivisible executory contracts. We disagree.

The revisers' note to Code § 8.01-230 is instructive here: "Section 8.01-230 retains the traditional rule of Virginia case law that a cause of action accrues when the wrongful act or breach of duty or contract occurs." The express provisions of this code section are consistent with the distinction we have previously noted between divisible and indivisible contracts in determining when a cause of action accrues. Thus, we conclude that Code § 8.01-230 merely codified existing law in this respect and, accordingly, we reject Conrad Brothers' contention that it overruled cases decided under the former common law rule.[4] That being so, County School Bd. v. Beiro, 223 Va. 161, 286 S.E.2d 232 (1982), is almost directly on point with the facts of the present case and controls the outcome of this appeal.

In Beiro, the owner of a public school building brought an action against the contractor claiming damages due to a defective

---

[4] See Roberts, 235 Va. at 242, 368 S.E.2d at 247 (distinguishing Beiro not on the basis of the intervening enactment of Code § 8.01-230 but based on the nature of the contract itself). See generally Harris v. K & K Ins. Agency, 249 Va. 157, 161 at n.*, 453 S.E.2d 284, 286 at n.* (1995)(citing Nelson v. Commonwealth, 235 Va. 228, 243, 368 S.E.2d 239, 248 (1988), and Virginia Military Inst. v. King, 217 Va. 751, 759, 232 S.E.2d 895, 900 (1977), and noting the distinction between contracts divisible into separate and distinct phases and contracts not set up in such phases).

roof.  There, as in the present case, the contract was not divisible.  Although the contractor had completed his work on the roof well before the architect issued the certificate of final payment, we held that no cause of action accrued until the date of that certificate.  Beiro, 233 Va. at 163, 286 S.E.2d at 233.  The circumstances of the present case are indistinguishable and the same result must apply.[5]

For these reasons, we hold that with respect to Conrad Brothers' potential liability for the defective condition of the roofs, the five-year statute of limitations commenced upon the date of the architects' submission of the "final Certificate[s] for Payment" to the Board on March 13, 1991, and, thus, the Board's suit was timely filed on February 13, 1996.

We will reverse the judgment order of the trial court sustaining Conrad Brothers' plea of the statute of limitations and remand the case for a trial on the merits.

Reversed and remanded.

---

[5] As an alternative position that the Board's cause of action for breach of contract accrued on the date of substantial completion rather than upon the termination date, Conrad Brothers relies upon a post-substantial completion warranty provision which, by its express terms, was not to be "construed to establish a period of limitation with respect to any other obligation" under the contracts.  The record is clear, however, that at the time the certificate of substantial completion was issued, the architects had not accepted the roofs as complete.  Thus, it is evident that the Board's requests to Conrad Brothers to remedy the defective condition of the roofs were merely requests for the contractor to comply with its duties under the contract, and not notices that a previously accepted condition had subsequently been found to be defective and was subject to repair under the post-completion warranty.