## CIRCUIT COURT OF FAIRFAX COUNTY

Special GST Exemption Trust
for the Benefit of
Amanda Moorman

v.

Chun S. Shin
and Hyo S. Shin

June 3, 1999

Case No. (Law) 173483

BY JUDGE R. TERRENCE NEY

This matter of first impression — at least insofar as Virginia appellate decisions are concerned — came before the Court on May 21, 1999, upon Plaintiff's Motion for Partial Summary Judgment and Defendants' Motion for Summary Judgment. After a review of the memoranda submitted by both parties and oral argument of counsel, I took the matter under advisement. For the reasons stated herein, Plaintiff's Motion for Partial Summary Judgment is granted.

On August 27, 1997, the parties entered into a lease agreement for certain commercial property located in Fairfax County, Virginia. Plaintiff, Special GST Exemption Trust for the Benefit of Amanda Moorman ("GST"), agreed to lease the property to the Defendants, Chun S. Shin and Hyo S. Shin ("Shins"), for a term of ten years and four months.

On July 7, 1998, the Shins filed a bill of complaint against GST seeking a declaratory judgment that the lease agreement was invalid. (Hereinafter "Chancery No. 155904".) The Shins also sought rescission of the agreement on the grounds of mistake or fraud. GST's demurrer to the bill of complaint was overruled on August 7, 1998.

On July 24, 1998, GST filed this suit to recover money owed by the Shins pursuant to the lease agreement. (Law No. 173483.) In this case, the Shins also contend, as they did in Chancery No. 155904, that the lease agreement is unenforceable because it violates Virginia Code § 55-2. That section provides, in pertinent part:

> No estate of inheritance or freehold or for a term of more than five years in lands shall be conveyed unless by deed or will ... .

The Shins argue that the lease agreement, which admittedly is for a term of more than five years, must be in the form of a deed in order to satisfy the requirements of § 55-2 and thus be valid and binding upon them. Because it is plainly not a deed, they submit that the lease agreement is unenforceable.

GST argues that the lease agreement is valid for the entire term of the lease, ten years and four months. While GST concedes that the lease agreement fails to satisfy the technical requirements for creating a deed (Va. Code § 55-48 *et seq*.), GST asserts that the language contained in Va. Code § 55-51 "saves" the lease agreement and results in it being fully valid and binding. Section 55-51 provides, in pertinent part:

> Any deed, or part of a deed, which shall fail to take effect by virtue of this chapter shall, nevertheless, be as valid and effectual and as binding upon the parties thereto, so far as the rules of law and equity will permit ... .

The Shins reply that § 55-51 does not operate to "save" the agreement because § 55-51 applies *only* to cases where the parties intended to create a *deed* but failed to satisfy the technical requirements. Va. Code § 55-48 *et seq*. Here, the Shins contend, the parties never intended to create a *deed* at the time they entered into the lease agreement.

The Shins further contend that the Circuit Court's overruling of GST's demurrer in Chancery No. 155904 makes clear that the Shins have stated a claim for a declaration that the lease agreement is unenforceable pursuant to Va. Code § 55-2. The Shins urge that the prior ruling is "the law of the case" not only in that case, but in this one also because the parties and issues are identical in both cases. Therefore, the Shins argue the same result should follow, namely, that § 55-51 is inapplicable and does not operate to "save" the agreement.

When considering a demurrer, the Court must take "as true the facts alleged in the motion for judgment and its exhibits and the fair inferences

therefrom." *Fun v. Virginia Military Inst.*, 245 Va. 249, 250, 427 S.E.2d 181, 182 (1993). Facts deemed admitted are those expressly alleged and those which may be fairly and justly inferred from the facts alleged. *See CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993); *Burks Pleading and Practice* § 208 at 339 (4th ed. 1952). In accordance with this relatively lenient standard, the Shins' Bill of Complaint in Chancery No. 155904 survived the demurrer stage of a challenge to the pleadings. That is not, however, a decision on the merits but only an acknowledgment that a cause of action has been stated. *Burks Pleading and Practice, supra*, § 208 at 339. The standard — and effect — of a grant of summary judgment is far more stringent, however. "The decision to grant a motion for summary judgment is a drastic remedy which is available only where there are no material facts genuinely in dispute." *Slone v. GMC*, 249 Va. 520, 457 S.E.2d 51 (1995). Here, both parties agree that there are no material facts genuinely in dispute and that the matter is ripe for summary judgment. As a result, given the significantly different benchmark for a decision as to a demurrer versus a decision as to summary judgment, I do not believe the Court is bound by the prior decision in Chancery No. 155904 as to the demurrer. That decision, whose correctness is not challenged, was a procedural adjudication as to whether a substantive claim had been sufficiently alleged. It was not a decision on the merits. This decision, coming on cross-motions for summary judgment, is a merits decision. It is not procedural in manner but rather substantive in nature.

As to the substantive merits, the Shins contend that § 55-51, the "saving section" as to the parties to the instrument, is inapplicable because the parties did not intend to create a deed. In response, GST argues that the language of § 55-51 does not require that the parties need intend to create a *deed* in order for the statute to apply but only intend to grant an interest in land, here, a lease. GST cites *McCue v. Hamel Health, Inc.*, 17 Va. Cir. 331 (1989), to support this contention.

In *McCue*, the defendants challenged the validity of a ten-year lease and argued that the lease was void because it was not executed pursuant to Va. Code § 55-2. Specifically, the *McCue* defendants raised four "defects" in the lease: (1) the lease failed to recite that it was a "deed," a "grant," or a "conveyance"; (2) the lease was not notarized; (3) the lease did not contain a seal; and (4) the lease did not contain a scroll. *McCue*, 17 Va. Cir. at 332. The Circuit Court of Fairfax County found that "no magic language is required under Virginia law to create a deed" as long as the *intention to grant* is clear. *Id.* The Court held that the lease agreement was "as clear an indication of a ten-year lease as a lessor could communicate." *Id.* The Court further held that

"§ 55-51 on its face rejects defendants' contention that a ten-year lease is void as between the parties if it fails to satisfy the requirements of a deed as provided in § 55-2." *McCue*, 17 Va. Cir. at 336.

Here, it is undisputed that the parties did intend to enter into a lease agreement for the property for a term of ten years and four months. This Court agrees with the reasoning of the Court in *McCue, supra,* namely, that "no magic language is required under Virginia law to create a deed" as long as the *intent to grant* is manifest. *McCue*, 17 Va. Cir. at 332. Here, the intent to grant in the lease agreement between GST and the Shins is absolutely clear from the face of the document. "The Term of his Lease shall be ten (10) years and four (4) months... ." Lease Agreement at 1.

Moreover, the language of Va. Code § 55-51 operates to make the lease agreement valid *between the parties* to the extent that the agreement fails to satisfy the requirements of § 55-2. As the Court stated in *McCue, supra*:

Section 55-51 on its face rejects defendants' contention that a ten-year lease is void as between the parties if it fails to satisfy the requirements of a deed as provided in § 55-2.

*McCue*, 17 Va. Cir. at 336.

Accordingly, I find that pursuant to § 55-51, the lease agreement entered into by GST and the Shins is valid and binding upon the parties for the entire ten year and four month term. This was the plain, unequivocal, undisputed, and absolutely clear intention of the parties. It is not in dispute in any regard.

Partial summary judgment is granted in favor of the Plaintiff GST.