# CIRCUIT COURT OF THE CITY OF ROANOKE

Carmel T. Cunningham

v.

Gary B. Garst

February 13, 1998

Case No. CL96-1267

By Judge Robert P. Doherty

The memoranda of counsel and the previous arguments in chambers eliminate the need for additional oral argument on this matter.

Plaintiff filed her malpractice action on November 7, 1996, alleging that during the fall of 1994, Defendant Chiropractor negligently treated her neck and back pain by the use of a mechanical traction device that either malfunctioned or was obsolete. In the alternative, Plaintiff claimed that the Defendant improperly set the controls on the device when he treated her, causing temporomandibular jaw joint (TMJ) damage and pain. Discovery for the most part has been completed, and the matter went to a medical malpractice review panel hearing on September 11, 1997. The panel finding was that the evidence did not support a conclusion that the care provider failed to comply with the appropriate standard of care. On December 4, 1997, Plaintiff filed a motion to amend her original Motion for Judgment in order to allege the additional charge of negligent failure to diagnose. Defendant objects to the amendment arguing that it is a new cause of action to which the statute of limitations has run. The Defendant also contends that to allow the amendment would violate the provisions of § 8.01-6.1. The Court agrees with the Defendant.

An amendment to a pleading which adds an additional tort count against a defendant will be deemed to relate back to the date of the original pleading for purposes of the statute of limitations if it complies with the three requirements of § 8.01-6.1. These are:

(i) The new claim must arise out of the same conduct, transaction, or occurrence alleged in the original pleading.

(ii) Reasonable diligence must have been used in asserting the new claim.

(iii) Substantial prejudice will not occur to the opposing party due to the timing of the amendment.

There have been no appellate or circuit court cases construing this code section since its enactment.

Notwithstanding this void, there is a line of cases, including *Vines v. Branch*, 244 Va. 185 (1992), which explain the concept of allowing amendments to pleadings "where they seek determination of the same subject matter of the controversy originally pleaded. Amendments will not be allowed, however, when they raise a new substantive cause of action . . . ." This is the same law contained in (i) of § 8.01-6.1, and accordingly, the Court finds that portion of the code section to be a codification of the existing common law and that prior case law applies.

The test set forth in *Vines* and in *Irvine v. Barrett*, 119 Va. 587 (1916), to determine whether an amendment refers to a new cause of action is:

> to inquire if a recovery had upon the original complaint would bar a recovery under the amended complaint, or if the same evidence would support both, or if the same measure of damages is applicable.

In the instant case, a recovery on the original complaint of using a malfunctioning or obsolete traction machine during treatment, or the negligent setting of the controls on the machine, would not prevent a recovery on a theory of negligent failure to diagnose. The evidence used to prove the original allegations would not be sufficient to prove the new claim of negligent diagnosis. It is possible, however, that the measure of damages could be the same in each of the claims. Having failed two of the three inquiries, the Court finds that the allegation of negligent failure to diagnosis is a new substantive cause of action which did not arise out of the conduct, transaction, or occurrence set forth in the original pleading.

The new claim of negligent failure to diagnose does not relate back to the original pleadings for purposes of the statute of limitations. It is time barred. Having determined that the proposed amendment would raise a new substantive cause of action for which the statutory time limit has run, the issues of reasonable diligence and substantial prejudice are rendered moot.

444

Counsel for Defendant should prepare the appropriate order denying the Plaintiff's proposed amended Motion for Judgment.