# CIRCUIT COURT OF THE CITY OF WINCHESTER

Lawrence Wallace

v.

John H. Zoller, III, et al.

March 7, 2000

Case No. (Law) 98-179

By Judge John E. Wetsel, Jr.

This case came before the Court on Defendant's Plea of the Statute of Limitations to an amended motion for judgment which added rights of actions of fraud and lack of informed consent. Upon consideration of the parties' arguments and memoranda of authorities, the Court has decided to deny the plea of the statute of limitations as to the medical malpractice, battery, and lack of informed consent rights of action, and to defer, pending further factual development, the decision on the plea of the statute of limitations to the fraud action.

## I. *Statement of Material Facts*

On October 8, 1998, Plaintiff filed his original motion for judgment which contained counts of negligence and battery based on the Defendant's diagnosis and treatment of the Plaintiff's left shoulder.

The original motion for judgment also contained allegations concerning the Plaintiff's consent:

12. Larry gave his written consent to the exploratory surgery on May 21, 1996 . . . .

15. The surgery scheduled for June 11, 1996, was to be performed on his left shoulder by Dr. Zoller, and Larry Wallace consented to that *specific surgery* . . . .

26. [F]ailure to secure the informed consent of Larry Wallace prior to manipulating his left arm . . . .

31. During the above operations and treatment of the plaintiff, Larry Wallace, Dr. Zoller had a duty to the plaintiff to fully inform and explain to him the surgical procedures to take place . . . in a manner meeting the standards of care in the Commonwealth of Virginia . . . .

On January 14, 2000, the Plaintiff filed an amended motion for judgment based on the same treatment period and same alleged injury as were the subject of the original motion for judgment; however, the amended motion for judgment added an additional lack of informed consent claim and a fraud count premised on the same transactions as were the basis of the battery, lack of informed consent, and medical malpractice allegations of the original motion for judgment.

The Defendants filed a plea of the statute of limitations to the new lack of informed consent and fraud rights of action arguing that these are new rights of actions now barred by the statute of limitations and that the continuing care exception to the statute of limitations has no application to these later asserted rights of action.

## II. *Conclusions of Law*

Virginia Code § 8.01-6.1 specifies the circumstances under which an amended complaint will relate back to the time of the filing of the initial complaint, and it provides that:

[A]n amendment of a pleading changing or adding a claim or defense against a party relates back to the date of the original pleadings for purposes of the statute of limitations if the court finds (i) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, (ii) the amending party was reasonably diligent in asserting the amended claim or defense, and (iii) parties opposing the amendment will not be substantially prejudiced in litigating on the merits as a result of the timing of the amendment.

This statute was not enacted until 1996, so the effect of cases decided prior to July 1, 1996, is seriously called into question. *But see Cunningham v. Garst*, 44 Va. Cir. 442 (Roanoke 1998) (§ 8.01-6.1 is "a codification of the existing common law and prior case law controls"). However, it appears that the statute was a legislative reaction to cases like *Vines v. Branch*, 244 Va. 185, 418 S.E.2d 890 (1992), which focused on the elements of the rights of action asserted as opposed to the underlying transactional basis of the rights of action in determining whether the later asserted right of action related back to the original filing. In contrast, the present statute, which is clear and unambiguous, focuses on the underlying transaction and contemplates that if the new claim or "right of action" arises out of the transaction upon which the original complaint was premised, then the new complaint is within the potential purview of § 8.01-6.1.

The Defendants claim that the new claims of lack of informed consent and fraud in the amended motion for judgment exceed the transactions forming the basis of the initial motion for judgment. However, the Defendants fail to understand the important distinction between the broad transactional concept of cause of action and the more narrow remedial concept of right of action as applied by the Supreme Court today. *See Suffolk City Sch. Bd. v. Conrad*, 255 Va. 171, 175, n. 3, 495 S.E.2d 470 (1999).

In the past, "right of action" and "cause of action" have frequently been used as synonymous terms in appellate decisions. *See e.g., Carter v. Williams*, 246 Va. 53, 57, 431 S.E.2d 297 (1993) (amendment permitted to add fraud count to a will challenge case under former common law principles). This interchangeable use has occurred despite the distinction between the two concepts which the Supreme Court articulated in *Trout v. Commonwealth Transp. Comm'r*, 241 Va. 69, 73, 400 S.E.2d 172 (1991):

An "action" and a "cause of action" are quite different. "Action" is defined by Code § 8.01-2, as noted above. We define "cause of

action" in *Roller v. Basic Construction Co.*, 238 Va. 321, 327, 384 S.E.2d 323, 326 (1989), as "a set of operative facts which under the substantive law, may give rise to a right of action."

It would appear that Virginia applies the transactional rule set forth in the Restatement of Judgments 2d, § 24, for purposes of defining "cause of action." One "cause of action" may give rise to myriad "rights of action," e.g., breach of contract, breach of warranty, negligence, and statutory claims. In *Stone v. Ethan Allen, Inc.*, 232 Va. 365, 368-69, 350 S.E.2d 629 (1986), the Supreme Court of Virginia had the occasion to discuss the difference between a cause of action and the narrower concept of a right of action: "There can be no right of action until there is a cause of action. *Caudill v. Wise Rambler*, 210 Va. 11, 13 168 S.E.2d 257, 259 (1969)." "A cause of action is the operative set of facts giving rise to a right of action." *Harbour Gate Owner's Assoc. v. Berg*, 232 Va. 98, 105, 348 S.E.2d 252 (1986). It is this Restatement transactional concept of "cause of action" which underlies the application of § 8.01-6.1, not the narrower remedial concept of "right of action."

While new rights of action are asserted in the second Motion for Judgment, they all arise from the same transactional facts or "cause of action" as set forth in the first motion for judgment; therefore, they may be properly asserted in the amended motion for judgment. Even under the common law rule, the amendment to include fraud would be permitted since it is based on the same conversations referred to in the original motion for judgment. In *Carter v. Williams*, 246 Va. 53, 57, 431 S.E.2d 297 (1993), which was decided before the enactment of § 8.01-6.1, the Supreme Court held:

> The factual allegations in both bills were identical. The original bill claimed that the proponents exercised "undue influence" in procuring the will. The amended bill claimed that the proponents exercised "undue influence and fraud" in the procurement of the will. Therefore, the sole amendment was the insertion of the words, "and fraud," following the words, "undue influence." The trial court denied the plea, reasoning that the contestants, having timely filed their original bill, could raise "new grounds" that would not constitute a new and separate cause of action. We agree.
>
> Generally, amendments will be permitted when their object is "the trial and determination of the subject matter of the controversy upon which the action was originally based." *New River Min. Co. v. Painter*, 100 Va. 507, 510, 42 S.E. 300, 301 (1902). When the plaintiff in the amended bill attempts to assert rights and to enforce

claims "arising out of the same transaction [or] act," however great the difference in the form of liability as contained in the amended bill from that as stated in the original bill, the amendment will not be viewed as stating a new cause of action. *Id.* Thus, an amendment does not constitute a new or different cause of action if it "only varied the mode of demanding the same thing." *Id.* at 511, 42 S.E. at 301-02. *Accord Vines v. Branch*, 244 Va. 185, 188, 418 S.E.2d 890, 892-93 (1992).

*Carter v. Williams* is also an example of the use of the term "cause of action" in a context in which it is synonymous with "right of action."

In this case, the defendant's diagnosis and treatment of the patient and the discussions between the physician and the patient incident to that treatment have been at issue since the filing of the original motion for judgment, so the new claims of lack of informed consent and fraud "arose out of the conduct, transaction, or occurrence set forth in the original pleading." Lack of informed consent was alleged in the first motion for judgment, and the plaintiff decided to add the fraud right of action, which is premised on the same discussions as the lack of informed consent claims, based upon information gleaned in discovery. For amendment purposes, the plaintiff has been diligent in asserting these claims, and the defendants have produced no evidence to show that they are "substantially prejudiced in litigating on the merits." The statute contemplates actual prejudice, like the loss of evidence, not the ordinary inconvenience and expense which is an incident to the defense of any claim.

Pursuant to Virginia Code § 8.01-243(A) "every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues." Virginia Code § 8.01-230 provides that: "in every action for which a limitation period is prescribed, the cause of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person . . . ."

In the context of the physician-patient relationship, there is one additional principle governing the determination of the accrual of the Plaintiff's cause of action for purposes of the application of the statute of limitations which is pertinent to this case. If there existed a physician-patient relationship where the patient was treated for the same or related ailments for a continuous and uninterrupted course of treatment, then the Plaintiff may wait until the end of that treatment by his physician before being required to file an action for medical malpractice which occurred during that treatment. *Grubbs v. Rawls*, 235 Va. 607, 613, 369 S.E.2d 683 (1988); *accord, Justice v. Natvig*, 238 Va.

178, 180, 381 S.E.2d 8 (1989) (For statute of limitations purposes, treatment by subsequent health care providers to whom the patient was referred for treatment by the first physician do not interrupt the treatment for statute of limitations purposes, so long as the first physician, who committed the malpractice, continues to treat the patient for the same condition.). For the continuing treatment rule to apply, the following elements are required (1) there must be a continuous course of treatment with the Defendant and (2) the treatment must be for the same or related ailments.

Under the continuous treatment rule, "the date of injury occurred, the cause of action for that malpractice accrued and the statute of limitations commenced to run when the improper course of examination and treatment for the particular malady terminated." *Fenton v. Danaceau*, 220 Va. 1, 4, 255 S.E.2d 349 (1979). Continuous treatment is "diagnosis and treatment 'for the same or related illnesses or injuries, continuing after the alleged act of malpractice'." *Farley v. Goode*, 219 Va. 969, 979, 252 S.E.2d 594 (1979). The continuing care exception applies to the medical malpractice, battery, and informed consent rights of action, but it does not apply to the fraud action.

"[E]very action for damages resulting from fraud, shall be brought, within two years after the cause of action accrues." Va. Code § 8.01-243(A). *See, e.g., Baden v. Central Fid. Bank*, 245 Va. 286, 427 S.E.2d 184 (1993). All fraud actions accrue when the fraud "is discovered or by the exercise of due diligence reasonably should have been discovered . . . ." Virginia Code § 8.01-249.1. The continuing care exception to the statute of limitations does not apply to a fraud action, and further development of the facts is required to determine whether the Plaintiff exercised due diligence in filing his fraud action within two years of the date of the alleged fraud.

"Summary judgment shall not be granted if any material fact is genuinely in dispute." Rule 3:18. In considering a motion for summary judgment, a court must adopt those inferences from the facts that are most favorable to the nonmoving party, unless the inferences be strained, forced, or contrary to reason." *Commercial Bus. Sys. v. BellSouth Servs., Inc.* 249 Va. 39, 41-41, 453 S.E.2d 261 (1995).

"Due diligence requires only a good faith, reasonable effort; it does not require that every possibility, no matter how remote, be exhausted." *McDonnough v. Commonwealth*, 25 Va. App. 120, 129, 486 S.E.2d 570, 573 (1997) (discussing the failure to produce a witness at trial). In *STB Mktg. Corp. v. Zolfaghari*, 240 Va. 140, 144-45, 393 S.E.2d 394 (1990), the Supreme Court considered the due diligence requirement in the context of the statute of limitations for fraud actions and stated:

The language "by the exercise of due diligence reasonably should have been discovered," as used in Code § 8.01-249, means "[s]uch a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent man under the particular circumstances; not measured by any absolute standard, but depending on the relative facts of the special case." *Black's Law Dictionary* 411 (rev. 5th ed. 1979). Cf. *Dennis v. Jones*, 240 Va. 12, 393 S.E.2d 390 (1990) (decided today) ("diligence," as used in Code § 8.01-316(1)(b) setting forth requirements for order of publication, defined). Whether such due diligence has been exercised must be ascertained by an examination of the facts and circumstances unique to each case. *See Mears v. Accomac Banking Co.*, 160 Va. 311, 168 S.E. 740 (1933) (in action for fraud where seller of bonds regularly paid interest to purchaser for almost six years and purchaser had no reason to suspect that bonds were worthless, purchaser's claim was not barred by statute of limitations because of his lack of due diligence to discover seller's fraud).

Even though the fraud right of action relates back to the filing of the original motion for judgment on October 8, 1998, it remains to be decided as to whether the Plaintiff exercised due diligence in filing his fraud action within two years of the date on which he discovered or should have discovered the alleged fraud.

## III. *Decision*

For the foregoing reasons, it is adjudged and ordered that:

1. Defendants' Plea of the Statute of Limitations is denied as to the malpractice, battery, and informed consent actions.

2. There are material facts in dispute as to whether the Plaintiff exercised due diligence in asserting his fraud action, so the Plea of the Statute of Limitations to the fraud action is deferred pending further factual development as to when the Plaintiff knew, or in the exercise of reasonable diligence should have known, of the alleged fraud.