## CIRCUIT COURT OF ROANOKE COUNTY

Robert Swanson

v.

Woods Service Center, Inc.

July 17, 2006

Case No. CL04-488

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff originally filed a Warrant in Debt in General District Court. The claims asserted were property damage, intentional infliction of emotional distress, and negligent infliction of emotional distress. Thereafter, the case was removed to the circuit court. Due to a previous ruling by this Court, the Plaintiff's Warrant in Debt currently stands as the only pleading filed by Plaintiff. The Plaintiff has now filed a Motion for Leave to Amend by filing a Complaint in this Court including the claim for personal injuries.

The statute at issue in this case is § 8.01-6.1, Code of Virginia (1950), as amended. This Code section states, in pertinent part:

> [s]ubject to any other applicable provisions of law, an amendment of a pleading changing or adding a claim or defense against a party relates back to the date of the original pleadings for purposes of the statute of limitations if the court finds (i) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading (ii) the amending party was reasonably diligent in asserting the amended claim or defense and (iii) parties opposing the amendment will not be substantially prejudiced in litigating on the merits as a result of the timing of the amendment.

Notwithstanding the subsequent circuit court decisions concerning § 8.01-6.1, this Court remains of the opinion that § 8.01-6.1 is a codification of the common law and upholds the decision found in *Cunningham v. Garst*, 44 Va. Cir. 442 (1998). There, the Court held that a proposed amendment which raises a new substantive cause of action would not relate back to the original pleadings for purposes of the statute of limitations. In determining whether an amendment would create a new cause of action, this Court utilized the test set forth in *Vines v. Branch*, 244 Va. 185 (1992). The *Vines* test states:

> To inquire if a recovery had upon the original complaint would bar a recovery under the amended complaint, or if the same evidence would support both, or if the same measure of damages is applicable.

*Vines v. Branch*, 244 Va. 185, 189 (1992).

The facts in the case at issue indicate the addition of a claim for personal injuries would amount to a new substantive cause of action. A recovery under the original complaint of either negligent or intentional infliction of emotional distress would not bar recovery of personal injuries. A claim for personal injuries could still be brought separately at anytime prior to the running of the two-year statute of limitations. However, the evidence used to prove the original allegations of negligent and intentional infliction of emotional distress would support a new claim of personal injury, as personal injury is a required element of both the original claims. Furthermore, the measure of damages would appear to be different for the original claims and the additional claim for personal injuries. Having failed two of the three inquiries, the Court finds that the allegation of personal injuries did not arise out of the conduct, transaction, or occurrence set forth in the original pleading.

The new claim for personal injuries does not relate back to the original pleadings for purposes of the statute of limitations. It is time barred. Having determined that the proposed amendment would raise a new substantive cause of action for which the statutory time limit has run, the issues of reasonable diligence and substantial prejudice are rendered moot.

Counsel for Defendant should prepare the appropriate order denying the Plaintiff's proposed amended Motion for Judgment.