# CIRCUIT COURT OF ROANOKE COUNTY

Cynthia Jean Page et al.

v.

Barbara Buck Baker,
individually,
and as Executrix of the
Estate of Sara G. Norderhus,
deceased

Case No. CL07-65

BY JUDGE ROBERT P. DOHERTY, JR.

May 14, 2007

Husband and wife had similar wills. When husband died the bulk of his estate went to wife. Thereafter, wife made *inter vivos* gifts to her daughter from a former marriage, changed her will, named her daughter as her executrix, and died leaving the majority of her estate to her daughter.

Plaintiffs, who are the deceased husband's children from a previous marriage, filed suit against wife's daughter individually and as executrix of her mother's estate. They claim that wife breached a contract between husband and wife that provided that each would inherit from the other, and at the death of the survivor the estate would be divided equally between all of the children of both husband and wife. Plaintiffs also claim undue influence in the preparation of wife's new will; that wife did not have the capacity to make a new will; that, upon the trial of the matter *devisavit vel non*, wife's most recent will should be declared invalid and her prior will should be probated; and that the *inter vivos* gifts from wife to daughter

should be declared invalid and restored to the decedent's estate so that the entire estate could be distributed equally between all of husband's children and wife's daughter.

Defendant daughter responded to the complaint by filing demurrers and a special plea in bar. The first demurrer alleges that the plaintiffs complaint is multifarious as a matter of law. She claims that a proceeding *devisavit vel non*, to impeach a probated will, invokes only the Court's probate jurisdiction to determine whether the will admitted to probate is the decedent's actual will. After the probate issue is resolved, the Court's jurisdiction ends. Therefore, the addition of any other claim, whether at law or in equity, together with a *devisavit vel non* proceeding makes the pleadings multifarious and for that reason the demurrer should be sustained. In the alternative, the Defendant argues that the pleading is multifarious because claims arising out of different transactions are brought in the same lawsuit and/or in the same counts. The final demurrer and the special plea in bar both claim that the applicable law sets forth requirements for a contract to make a will that are contrary to the plaintiffs' pleadings.

## *Multifarious*

When an equity pleading is deemed to be multifarious it means that several causes of action, each capable of enforcement in separate proceedings, have been joined in the same suit. It is comparable to a misjoinder at law. See *Lile's Equity Pleading and Practice*, §§ 312 through 321 (3d ed. 1952). However, when matters arising from separate transactions are combined in the same pleading but are so closely connected that substantial justice can be accomplished by combining the various claims without prejudice to the defendant, then the demurrer to the pleading because of multifariousness will usually be overruled. *Morris v. Scruggs*, 147 Va. 166, 172 (1927).

The change in the new Part 3 of the Rules of the Supreme Court of Virginia combining both law and chancery cases in one single set of civil procedure rules does not alter this concept. Counts in both law and equity can now be filed in the same complaint and each count is treated as a separate cause of action, but there must be some connecting link between them in order for them to be heard in the same lawsuit. If they do not arise from the same transaction then they must be so closely related that common sense, fair play, and judicial economy allows that they all be heard together. If, for example, the allegation of one count dealt with the enforcement of the breach of an employment agreement and a different count in the same lawsuit dealt with a boundary line dispute or an injunction concerning a personal injury matter, the

Court would find such a pleading to be multifarious. The reason this sort of equity pleading would be multifarious is that the separate counts are not connected in any way except by their parties. They arise from entirely different transactions.

The same rules do not apply with regard to the individual counts. They are designed to stand alone. Each count is the allegation of a separate cause of action. Other causes of action cannot be combined in the same count. It is possible for a single count in a complaint to be multifarious if it includes multiple causes of action within that same count. A court would find it difficult to rule on just one of the causes of action contained in such a count because its decision could affect the outcome of the other causes of action. Imagine the difficulty in trying to sever a part of a count for trial. Picture how difficult it would be for a court to grant judgment or dismiss only a portion of one count and allow the remainder to continue. Such a pleading would result in a difficult, confusing, and awkward trial. The courts would grind to a halt.

In the instant case, justice and fair play is not offended by a complaint that combines in separate counts a probate proceeding *devisavit vel non*, together with a suit to establish and enforce a contract to make a will, together with a claim for the return to decedent's estate of improperly given *inter vivos* gifts. Although each count is a separate cause of action, they are closely related to the other even though they do not all arise from the same transaction. Substantial justice will result in hearing all of these claims together and the Defendant will not be prejudiced. The Court will be able to use its probate jurisdiction on one count and ending that, go to a separate count and use its equity jurisdiction or its law jurisdiction, just as though it was going from one independent chancery or law case to another. This procedure is allowed under the new combined rules of civil procedure and is an example of the intent of the drafters of Part 3 to make the pleading and trial of cases in Virginia easier, not more difficult. Plaintiffs' pleadings are multifarious not because they join multiple causes of action in the same complaint, but because each individual count includes or makes reference to more than one cause of action. Allegations, claims and requests made in one count are repeated in each of the other counts. They are difficult to separate. Not only are the counts multifarious by the language used, but each count re-alleges the numbered paragraphs contained in the proceeding count. A ruling denying any one of the Plaintiffs' counts would almost certainly require the denial of the other related counts because they have been repeated and woven so tightly together in each of the several counts. The same holds true if the

Court were to grant judgment on one of the counts. Such a finding would also be a ruling on some or all of the facts or conclusions alleged in the other counts and therefore cause confusion.

Accordingly, Defendant's demurrers for multifariousness are sustained because multiple causes are combined in the same counts. The Defendant's special plea in bar does not allege that the plaintiffs' claims are blocked by facts not necessary to be proven by plaintiffs in their case in chief, such as bankruptcy or the statute of limitations, and is therefore denied. Plaintiffs have twenty-one days to file an amended complaint with redrafted counts that are limited to one cause of action each, including their separate count under § 64.1-88, Code of Virginia (1950), as amended, to impeach or establish a will. This ruling causes Defendant's demurrer to the claim dealing with the will contract to be premature and so it is also overruled.

October 12, 2007

Plaintiffs allege that their deceased father and his now deceased Wife had irrevocable reciprocal wills requiring all of their assets to go first to each other and then in equal shares to Husband's three children and Wife's one daughter. Husband died leaving his estate to Wife. Wife then moved from South Carolina to Virginia, changed her will so that her daughter became her sole beneficiary, and made *inter vivos* gifts to her daughter.

Plaintiffs have sued Wife's daughter individually and in her capacity as executrix of her mother's estate. They claim that Wife's will and the *inter vivos* gifts were the product of undue influence, that she lacked the capacity to make a will and *inter vivos* gifts, and that Wife breached the reciprocal will and estate plan agreement by naming her daughter as her sole beneficiary. They ask that the will be set aside and all of the estate assets and all of the *inter vivos* gifts be placed in a constructive trust for the benefit of plaintiffs.

Defendant's demurrer contends that plaintiffs have misjoined causes of action arising from different transactions and occurrences. They ask that this case be divided into at least three separate lawsuits, one of which being plaintiffs' *devisavit vel non* challenge. Defendant also demurs to the charges that decedent Wife breached a reciprocal will agreement. She argues that the amended complaint does not allege a valid contract under South Carolina's probate code, which they believe to be the substantive law to be applied to this case. She concludes that since no valid contract exists, Defendant cannot be held to have breached it.

Plaintiffs deny the misjoinder of causes of action. They argue that the portion of the South Carolina probate code cited by Defendant contains procedural and not substantive law. Plaintiffs believe that their allegation of the existence of a valid, irrevocable, and reciprocal will contract is sufficient to overcome Defendant's demurrer.

## Misjoinder and Severance

In an opinion letter dated May 14, 2007, dealing with earlier demurrers and motions attacking plaintiffs' original pleading, the Court went into detail concerning the law regarding misjoinder, severance, and the new Part 3 of the Rules of the Supreme Court of Virginia. Applying the logic of that first opinion letter, the Court finds that plaintiffs have written their amended complaint so that each count can stand alone as a separate cause of action, thereby avoiding the confusion that existed in their initial complaint. The Court also finds that the facts involving each count are so interrelated that substantial justice can be accomplished by combining the various claims without prejudice to Defendant. Accordingly, Defendant's demurrer dealing with misjoinder is overruled.

Defendant correctly argues that a trial on the issue *devisavit vel non* must conform to the provisions of § 64.1-88, Code of Virginia (1950), as amended. In such a proceeding, the only issues to be considered are whether or not the will offered for probate is the decedent's true will, whether the decedent was competent to make a will, whether the will was the product of coercion and undue influence, and whether it should be admitted to probate. For an excellent discussion of the controlling case law on these issues see Judge James F. Almand's opinion in *Rudwick v. Lloyd*, 69 Va. Cir. 139 (2005). The argument that testatrix had contracted away her right to make a new will constitutes a collateral attack on the probate proceeding. See *In re Bentley's Will*, 175 Va. 456 (1940). It is not to be considered by the jury when they make their decision to establish or impeach the will.

## Uniform Probate Code

Both parties agree that the substantive law of South Carolina and the procedural law of Virginia will be applied during the trial of the contract portion of this case. The issue to be decided is whether § 62-2-701 of the South Carolina Code deals with the formation of a contract and is therefore substantive law, or whether it deals only with the proof of such a contract and is thus procedural. The code section in question, enacted in 1986 when South Carolina adopted the Uniform Probate Code, reads as follows:

A contract to make a will or devise, or to revoke a will or devise, or not to revoke a will or devise, or to die intestate if executed after the effective date of this act, can be established only by (1) provisions of a will of the decedent stating material provisions of the contract; (2) an express reference in a will of the decedent to a contract and extrinsic evidence proving the terms of the contract; or (3) a writing signed by the decedent evidencing the contract and extrinsic evidence proving the terms of the contract. The execution of a joint will or mutual wills does not create a presumption of a contract not to revoke the will or wills.

S.C. Code Ann. § 62-2-701 (2006).

The arguments of counsel indicate that the contract, if it exists, does not meet these requirements. Therefore, if the above code section is the substantive law of South Carolina, the contract could not be proven or enforced in either South Carolina or Virginia. If, on the other hand, the code section is procedural, the contract could not be proven nor enforced in South Carolina, but it would be enforceable if proven in Virginia.

The Court is of the opinion that South Carolina's § 62-2-701 speaks to the proof of a contract and not the formation of a contract. Had it been the intent of the legislature to change the elements needed to form a contract, they would have said just that. The Court's opinion is buttressed by the official reporter's comment that "the only concern of § 62-2-701 is with the proof of contracts concerning succession. . . ." That comment goes on to say that "the prior South Carolina law, concerning the formation of such contracts and the effects of such contracts' formation and the breach thereof, remains intact."

Further, because there is no South Carolina case directly on point, the Court looked for persuasive case authority from other states that had adopted the Uniform Probate Code. The state courts in Arizona, Colorado, New Mexico, and Michigan have all determined that their statutes paralleling South Carolina's § 62-2-701, are analogous to a statute of frauds, and are procedural. See *Moore v. Schwartz*, 669 P.2d 609 (Ariz. App. 1983); *Brody v. Bock*, 897 P.2d 769 (Colo. 1995); *In re Estate of Vincioni*, 102 N.M. 576 (1985); and *In re Estate of Fritz*, 159 Mich. App. 69 (1987). Both Virginia and South Carolina have construed their own statutes of frauds as being procedural. See *Drake v. Livesay*, 231 Va. 117 (1986), and *Cooper v. A.A.A. Highway Express, Inc.*, 206 S.C. 372 (1945).

72

Accordingly, South Carolina's Code § 62-2-701 is not applicable in Virginia. The question at trial will be whether a contract exists and whether it can be proven using the Virginia rules of evidence and the Virginia Statute of Frauds. Defendant's demurrer on this point is overruled.