60

## CIRCUIT COURT OF FAIRFAX COUNTY

Monica L. Clark,
Administrator
of the Estate of
Cynthia Lynette Kerr,
deceased

v.

Andrew M. Britt,
Diane P. Britt,
and Michael T. Haake

April 24, 2009

Case No. CL-2007-0014004

BY JUDGE ROBERT J. SMITH

This matter came before the Court on Defendant Michael T. Haake's plea in bar. The motion arises after Plaintiff recommenced her case after a nonsuit. Defendant Haake argues that the present claims against him do not relate back to the original cause of action, pursuant to Va. Code Ann. § 8.01-6.1 and are therefore barred by applicable statutes of limitation. After carefully considering the relevant legal authority and both the written and oral arguments of counsel at a hearing on March 6, 2009, the Court denies Defendant Haake's plea in bar.

*Background*

Plaintiff Monica L. Clark alleges that, on November 7, 2003, defendants Diane Britt, Andrew Britt, and Michael Haake wrongfully caused the death of Ms. Clark's daughter, Cindy Kerr. The alleged circumstances

surrounding Ms. Kerr's death include the consumption of alcohol and illicit substances, possible struggles, the drowning of Ms. Kerr in a hot tub, and a potential conspiracy to hide evidence.

As the administrator of her daughter's estate, Ms. Clark filed her initial Motion for Judgment on November 7, 2005 (the "2005 Motion for Judgment"). Ms. Clark was one of four plaintiffs who brought the original suit. In her "First Claim for Relief," Ms. Clark alleged that Andrew Britt, Diane Britt, and Michael Haake negligently breached a duty of care by offering alcohol to a minor, by leaving Ms. Kerr alone near the hot tub, and by failing to contact help timely. (2005 Mot. for J. ¶ 62-75.)

Ms. Clark's "Second Claim for Relief" alleged wrongful death. Andrew Britt purportedly created an extraordinary risk by serving Ms. Kerr alcohol and other substances and then leaving Ms. Kerr alone at the hot tub. (*Id.* at ¶ 81-87.) Allegedly, both Andrew and Michael Haake knew of the risk to Ms. Kerr and exhibited a conscious disregard for her safety. (*Id.*) Though Ms. Clark filed the wrongful death claim against all defendants in the 2005 Motion for Judgment, she did not allege any specific facts against Diane Britt. See 2005 Motion for Judgment, ¶ 76-87.

The "Third Claim for Relief" averred civil conspiracy against all the defendants. (*Id.* at ¶ 89.) Specifically, the claim asserts that Andrew Britt, Diane Britt, Michael Haake, and John and Jane Doe conspired to "clean-up" the hot tub and surrounding areas, thereby concealing and destroying evidence before alerting the authorities. (*Id.* at ¶¶ 89-95.)

Ms. Clark filed a "Fourth Claim for Relief under Va. Code Ann. § 18.2-250 and a "Fifth Claim for Relief" under Va. Code Ann. § 18.2-248. (*Id.* at ¶ 96-104.) These claims are not relevant to the present plea in bar.

On February 6, 2006, Ms. Clark amended her 2005 Motion for Judgment ("Amended Motion for Judgment"). In the Amended Motion for Judgment, Ms. Clark dropped the First, Fourth, and Fifth Claims for Relief. (Am. Mot. for J.) She elected to allege wrongful death against Andrew Britt, Diane Britt, Michael Haake, and John and Jane Doe, and civil conspiracy against all defendants. *Id.*

The amended wrongful death claim focused on the evidence indicating a possible struggle at the time of Ms. Kerr's death. (*Id.* at ¶¶ 46-57.) The underlying wrong supporting the claim was changed from the creation of an extraordinary risk to an alleged physical assault against Ms. Kerr and the purported delay in contacting assistance. (*Id.* at ¶¶ 46-57.) Ms. Clark claimed that Andrew Britt and Michael Haake's intentional, reckless, or negligent physical struggles caused or contributed to Ms. Kerr's death. (*Id.*) Ms. Clark also added the alleged physical assault to the conspiracy claim. (*Id.* at ¶¶ 58-69.)

On February 17, 2006, the defendants filed pleas in bar. Though Michael Haake filed his plea in bar separate from Andrew and Diane Britt, each alleged that Ms. Clark's Amended Motion for Judgment raised new causes of action that did not relate back to the 2005 Motion for Judgment, as required under Va. Code Ann. § 8.01-6.1. Judge M. Langhorne Keith overruled the Britts' plea in bar in a Letter Opinion dated March 14, 2006, but did not state his reasoning. On March 31, 2006, Judge Michael P. McWeeny overruled Michael Haake's plea in bar in a similar fashion.

Ms. Clark nonsuited the case approximately three days before trial. She subsequently recommenced the proceedings, pursuant to Va. Code Ann. § 8.01-229(E)(3), on November 16, 2007. (For ease of reference the complaint filed on November 16, 2007, shall be referred to as the Recommenced Motion for Judgment.)

Defendant Michael Haake filed the present plea in bar on February 19, 2009.

## Plea in Bar

"A plea in bar presents a distinct issue of fact which, if proven, creates a bar to the plaintiff's right of recovery. The moving party has the burden of proof on that issue." *Hilton v. Martin*, 275 Va. 176, 179-80, 654 S.E.2d 572, 574 (2008) (citing *Weichert Co. of Va. v. First Commercial Bank*, 246 Va. 108, 109, 431 S.E.2d 308, 309 (1993)).

Mr. Haake claims that the Recommenced Motion for Judgment does not relate back to the 2005 Motion for Judgment because the Amended Motion for Judgment, on which it is premised, did not properly relate back to the 2005 Motion for Judgment pursuant to Va. Code Ann. § 8.01-6.1. (Def.'s Mem. at 2.) Essentially this is an attempt to relitigate the decisions of Judges Langhorne and McWeeny.

All three motions for judgment specifically include captions for wrongful death pursuant to Va. Code § 8.01-50 and civil conspiracy. (2005 Mot. for J. at 12, 13; Am. Mot. for J. at 8, 10; Recommenced Mot. for Judgment, at 7, 9.) However, Mr. Haake argues that the Amended Motion for Judgment, and therefore the Recommenced Motion for Judgment, asserts entirely different claims of wrongful death and civil conspiracy from the 2005 Motion for Judgment because the underlying offensive conduct supporting the claims is different. (Def.'s Mem. at 2-3.)

Virginia requires that a party file a wrongful death claim and civil conspiracy claim within two years after the cause of action accrues. *See* Va. Code Ann. §§ 8.01-244, 8.01-248. If the Amended Motion for Judgment does

not properly relate back to the 2005 Motion for Judgment, then the two-year statute of limitations bars the Plaintiff's recovery. However, if the wrongful death claim and civil conspiracy claim asserted in the Amended Motion for Judgment do relate back, then Ms. Clark would properly have recommenced her suit within the six month period after nonsuiting the action.

Under § 8.01-6.1, a changed claim in the amended complaint relates back to the original complaint if:

> (i) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, (ii) the amending party was reasonably diligent in asserting the amended claim or defense, and (iii) parties opposing the amendment will not be substantially prejudiced in litigating on the merits as a result of the timing of the amendment.

A. *Conduct, Transaction, or Occurrence*

This plea in bar challenges the relation back of all claims Ms. Clark asserted in the Amended Motion for Judgment and, by implication, all claims asserted in the Recommenced Motion for Judgment. A wrongful death action requires (1) the death of a person caused by a wrongful act, neglect, or default and (2) that the wrongful act, neglect, or default would have entitled the injured party to maintain a personal injury action if death did not occur. Va. Code Ann. § 8.01-50. "A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose, or to accomplish some purpose, not in itself criminal or unlawful, by criminal or unlawful means. *Hechler Chevrolet v. General Motors Corp.*, 230 Va. 396, 402, 337 S.E.2d 744, 748 (1985) (citing *Werth v. Fire Adjust. Bureau*, 160 Va. 845, 855, 171 S.E. 255, 259 (1933)). Both wrongful death and civil conspiracy claims are based, at least in part, on the additional allegations of a physical assault.

Mr. Haake asserts that the wrongful conduct in the 2005 Motion for Judgment is "wholly different conduct" from the conduct alleged in the Amended Motion for Judgment. (Def.'s Mem. at 3.) The first pleading alleged that the defendants wrongfully created a dangerous situation by serving alcohol to Ms. Kerr, who was underage, and leaving her near the hot tub. However, the amended pleadings allege that Andrew Britt and Michael Haake assaulted Ms. Kerr, which contributed to her death. (*Id.*) Mr. Haake argues that the 2005 Motion for Judgment's underlying negligence claim requires

different evidence than the Amended Motion for Judgment's underlying assault claims. *Id.* at 4. Mr. Haake argues that the underlying assault claims could potentially lead to far greater punitive damages than the underlying negligence claim. (*Id.*) Therefore, according to Mr. Haake, the Amended Motion for Judgment asserts a new cause of action that does not relate back to the 2005 Motion for Judgment.

Mr. Haake requests that this Court use the *Vines* test, *Vines v. Branch*, 244 Va. 185, 189, 418 S.E.2d 890, 893 (1992), to determine if Ms. Clark is asserting a new cause of action. (Def.'s Mem. at 3.) In *Vines*, the Supreme Court of Virginia held that "[w]here an amendment introduces a new cause of action and makes a new or different demand not introduced in the original motion for judgment, the amended action will not relate back to the beginning of the action so as to toll the statute of limitations." *Vines*, 244 Va. at 189, 418 S.E.2d at 893. The *Vines* court outlined three inquiries to determine whether an amended pleading alleges a new cause of action (1) whether a recovery under the original complaint would bar recovery under the amended complaint or (2) if the same evidence would support both or (3) if the same measure of damages applies. *Id.* (quoting *Irvine v. Barrett*, 119 Va. 587, 591, 89 S.E. 904, 905 (1916)).

Virginia circuit courts appear to be split as to whether the *Vines* test is the appropriate standard for determining the first prong of § 8.01-6.1, whether "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading." For instance, the Winchester Circuit Court in *Wallace v. Zoller* stated that the Virginia legislature passed § 8.01-6.1 as a reaction to the *Vines* test. *Wallace v. Zoller*, 52 Va. Cir. 80, 82 (Winchester 2000). Judge John E. Wetsel, Jr., stated that the *Vines* test focused on "the elements of the rights of action asserted as opposed to the underlying transactional basis of the rights of action in determining whether the later asserted right of action related back to the original filing." *Id.* Judge Wetsel then held that § 8.01-6.1, "which is clear and unambiguous, focuses on the underlying transaction and contemplates that, if the new claim or 'right of action' arises out of the transaction upon which the original complaint was premised, then the new complaint is within the potential purview of § 8.01-6.1" *Id.*

The *Wallace* court then explained the difference between a "right of action" and a "cause of action":

> In *Stone v. Ethan Allen, Inc.*, 232 Va. 365, 368-69, 350 S.E.2d 629 (1986), the Supreme Court of Virginia had the occasion to discuss the difference between a cause of action and the

narrower concept of a right of action: "There can be no right of action until there is a cause of action." *Caudill v. Wise Rambler*, 210 Va. 11, 13 168 S.E.2d 257, 259 (1969). "A cause of action is the operative set of facts giving rise to a right of action." *Harbour Gate Owners' Assoc. v. Berg*, 232 Va. 98, 105, 348 S.E.2d 252 (1986). It is this Restatement [of Judgments 2d, § 24] transactional concept of "cause of action" which underlies the application of § 8.01-6.1, not the narrower remedial concept of "right of action."

*Wallace*, 52 Va. Cir. at 83.

In *Wallace*, the defendant filed a plea in bar, claiming that the amended complaint did not properly relate back to the original complaint. *Id.* at 81. In the original complaint, the plaintiff alleged an injury resulting from medical treatment and filed claims based on medical malpractice, lack of informed consent, and battery. The defendant asserted that the statute of limitations barred the plaintiff from amending the complaint to include an additional lack of consent claim and a fraud claim. *Id.* The court held that the additional rights of action in the amended complaint arose from the same operative set of facts as the facts that were originally asserted. Therefore, the additional rights of action "arose out of the conduct, transaction, or occurrence set forth in the original pleading." *Id.* at 84 (quoting Va. Code Ann. § 8.01-6.1).

Six years later in *Swanson v. Woods Serv. Ctr., Inc.*, Judge Robert P. Doherty, Jr., stated a different view of § 8.01-6.1:

Notwithstanding the subsequent circuit court decisions concerning § 8.01-6.1, this Court remains of the opinion that § 8.01-6.1 is a codification of the common law and upholds the decision found in *Cunningham v. Garst*, 44 Va. Cir. 442 (1998). There, the Court held that a proposed amendment which raises a new substantive cause of action would not relate back to the original pleadings for purposes of the statute of limitations. In determining whether an amendment would create a new cause of action, this Court utilized the test set forth in *Vines*. . . .

*Swanson*, 71 Va. Cir. 281, 282 (Roanoke County 2006).

In *Swanson*, the plaintiff first alleged property damage, intentional infliction of emotional distress, and negligent infliction of emotional distress. *Id.* at 281. The plaintiff later filed a motion to amend the complaint to add a

personal injury claim. *Id.* The Court held that the personal injury claim failed the *Vines* test. *Id.* at 282. Thus, the new claim "did not arise out of the conduct, transaction, or occurrence set forth in the original pleading." *Id.*

This Court agrees with the analysis underlying Judge Wetsel's rationale. Va. Code Ann. § 8.01-6.1 is a clear and unambiguous departure from the formulaic assessment of elements set forth in the *Vines* test. The language of § 8.01-6.1 expands a plaintiff's ability to amend the rights of action contained within a complaint, so long as those rights are bound by the conduct, transaction, or occurrence set forth in the original pleading. These concepts constitute the cause of action and are greater in scope than the individual recharacterization or specificity of a particular fact.

Here, both the 2005 Motion for Judgment and the Amended Motion for Judgment involve the same basic conduct, the circumstances at the Britt residence that led to Ms. Kerr's death. The 2005 Motion for Judgment alleged facts "which may indicate evidence of a struggle," including external head trauma and foreign DNA found in Ms. Kerr's fingernail clippings. (2005 Mot. for J. at ¶¶ 55, 57.) The Amended Motion for Judgment alleges those same facts and includes slightly more specificity regarding "numerous abrasions." (Am. Mot. for J. at ¶¶ 25, 41.) In the Amended Motion for Judgment, the Plaintiff simply recharacterized these facts as an assault using greater specificity. The transaction or occurrence of a potential struggle clearly was averred in both motions for judgment regardless of the rights of action asserted. The amended complaint alleges the same set of operative facts, including a claimed struggle, that give rise to the differing rights of action asserted.

Thus, the Plaintiff has satisfied the first prong of § 8.01-6.1.

## B. *Reasonably Diligent*

The second prong under § 8.01-6.1 requires that "the amending party was reasonably diligent in asserting the amended claim or defense. . . ." Va. Code Ann. § 8.01-6.1. The *Wallace* court defined "reasonably diligent" as using "[s]uch a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent man under the particular circumstances, not measured by any absolute standard, but depending on the relative facts of the special case." *Wallace*, 52 Va. Cir. at 86 (quoting *Black's Law Dictionary* 411 (rev. 5th ed. 1979)).

Mr. Haake asserts that, well before filing the original lawsuit, the plaintiff implored the Fairfax County Police Department to investigate a possible assault by the defendants. (Def.'s Mem. at 4.) Mr. Haake asserts that a talking-points memorandum, prepared in connection with the Plaintiff's

meeting lead investigative detective Colligan, shows concerns about a possible assault as early as June 10, 2004. *See* Ex. C, Def.'s Mem. According to Mr. Haake, the police concluded the investigation well before Ms. Clark filed the first lawsuit. (Def.'s Mem. at 4.)

However, Ms. Clark states that she did not receive answers to her questions until after she filed the first suit. (Pl.'s Opp'n Mem. at 5.) She amended the 2005 Motion for Judgment based on those received answers. *Id.* Also, Ms. Clark states that, after third-party discovery, she learned that her daughter allegedly was alive for twenty minutes while the defendants tried to clean up the scene. The Amended Motion for Judgment included greater specificity surrounding these transactions. (*Id.* at 4.)

As stated above, the transaction or occurrence of a possible struggle was asserted in the 2005 Motion for Judgment. It was the greater specificity of facts gained from subsequent discovery that allowed Ms. Clark to assert a wrongful death claim based on the alleged assault. Thus, Ms. Clark was reasonably diligent in determining what claims she might have and asserting the additional claim upon more information.

## C. *Substantial Prejudice*

Finally, § 8.01-6.1 will allow an amended complaint to relate back if "parties opposing the amendment will not be substantially prejudiced in litigating on the merits as a result of the timing of the amendment." Va. Code Ann. § 8.01-6.1. The statute contemplates actual prejudice, such as the loss of evidence. *Wallace*, 52 Va. Cir. at 84. The ordinary inconveniences and expenses that are incidental to the defense of any claim do not constitute substantial prejudice. *Id.*

Mr. Haake claims that his family's homeowner's insurance policy "arguably" would have covered liability based on an original wrongful death claim of negligence. (Def.'s Mem. at 5.) "Had the Plaintiff timely filed intentional tort causes of action along with the negligence causes of action, no demurrers would have been filed as to the negligence causes of action as that would do away with any claim arguably covered under Haake's policy." (*Id.*) Mr. Haake has not explained, however, how the *timeliness* of the amended complaint affected possible coverage under the insurance policy. Essentially, Mr. Haake contends that the *possibility* of coverage constitutes actual, substantial prejudice. I do not agree.

Furthermore, the assertion that Mr. Haake would only have filed a demurer to the wrongful death claim based on assault and not to the wrongful death claim based on negligence, had the two claims been filed together, is

speculative at best and is belied by the case history. Mr. Haake filed a demurrer to the claim of wrongful death contained in the 2005 Motion for Judgment on December 1, 2005. In section III of Mr. Haake's Memorandum in Support of Demurer filed on January 6, 2006, Mr. Haake specifically contested the underlying theories of negligence contained in the 2005 wrongful death claim. (2006 Haake's Mem. for Demurrer at 2-4.) The Court finds unlikely Mr. Haake's assertion that he would not have filed any such argument if an additional claim of wrongful death premised on assault had been alleged. The more likely scenario is that *Mr.* Haake would have maintained his arguments as to the negligent wrongful death in addition to demurring to any claims based on assault. After all, if the Court dismissed both claims, there would be no need for insurance coverage.

I am not convinced that the *timeliness* of the Amended Motion for Judgment substantially prejudiced Mr. Haake.

## Conclusion

Mr. Haake's plea in bar asserts that the applicable statutes of limitation bar Plaintiff's recovery because the claims in the Amended Motion for Judgment, and therefore the Recommenced Motion for Judgment, do not relate back to the original pleadings. However, this Court finds that Ms. Clark has satisfied all of the requirements of Va. Code Ann. § 8.01-6.1, amending her complaint such that the rights of action filed on November 16, 2007, relate back to the cause of action she initially asserted in her 2005 Motion for Judgment. Therefore, Defendant Haake's motion is denied.