82

## CIRCUIT COURT OF ROANOKE COUNTY

Samuel Russell Mask
and Lisa L. Winters

    v.

Liliane Lee Luckado,
individually
and as executrix
of the Estate of
Ruth D. Mask,
deceased,
and Estate of
Ruth D. Mask

June 3, 2011

Case No. CL09-988

By JUDGE ROBERT P. DOHERTY, JR.

Plaintiffs filed a complaint of *devisavit vel non* on June 26, 2009, alleging that Defendant Executrix and beneficiary of the decedent's estate exercised undue influence over the testatrix in the preparation of a will and that the testatrix lacked testamentary capacity to sign the will. Plaintiff concludes that the testatrix's will is invalid. After the suit was filed, Defendant alleged a conflict of interest with Plaintiffs' counsel, and Plaintiffs hired a new lawyer. New counsel for Plaintiffs submitted an Amended Complaint adding counts claiming, among other things, a failure to comply with § 64.1-49, Code of Virginia (1950), as amended, which addresses the statutory requirements for executing a valid will. Plaintiffs' Amended Complaint also alleges fiduciary overreaching, requests the imposition of a constructive trust, requests an accounting for survivorship accounts, and requests damages for Defendant's conversion of survivorship accounts. These claims are made in separate counts.

Defendant objected to all of the amendments to the original complaint and filed a memorandum in support of her objections. Defendant argues that the new count regarding a failure to comply with § 64.1-49 is barred by the statute of limitations because it was not filed within a year of probate and because it does not relate back to the original complaint as required by § 8.01-6.1, Code of Virginia (1950), as amended. Defendant further argues that the other amendments render the pleading multifarious under §§ 64.1-86, 64.1-88, 64.1-89, Code of Virginia (1950). Plaintiffs contend that the new count regarding § 64.1-49 relates back to the original complaint and consequently, does not raise a new cause of action. Plaintiffs believe that having the will improperly witnessed is germane to a suit to impeach the will, and they argue that their amendments are proper.

### Relation Back

"A cause of action is the operative set of facts giving rise to a right of action. It accrues when a wrongful act or breach of duty occurs, even though actual damage may not occur until a later date. A right of action accrues to a person when he sustains damage or injury therefrom." *Harbour Gate Owners' Association, Inc. v. Berg*, 232 Va. 98, 105 (1986). "Statutes of limitation do not affect a cause of action; they bar a right of action." *Id.*

In this case, Plaintiffs initially alleged that the will was improperly executed because of undue influence and lack of testamentary capacity. The incapacity occurred when the testatrix became the victim of senile dementia resulting from a stroke. Plaintiffs claim that Defendant, acting as agent under a power of attorney from the decedent, took control of the testatrix's financial affairs and crafted the estate documents herself. She then had the testatrix sign them without advice of counsel, all the while knowing that the testatrix had her own attorney upon whom she relied. Plaintiffs' original complaint alleged lack of testamentary capacity, undue influence, and it also unartfully claimed that the will was not signed properly. The part about not properly signing the will was not in a separate count, instead it was inserted in the pleading in a manner akin to dicta in a legal opinion. Plaintiffs now wish to allege, among other things, non-compliance with the statutory requirements of executing a will.

In the similar case of *Carter v. Williams*, 246 Va. 53, 57 (1993), plaintiffs initially challenged a will on the ground of undue influence. They were allowed to amend their complaint after the statutory limitations period had lapsed to include a claim of fraud. The court found that, when plaintiffs in an amended bill "attempt to assert a right of action arising out of the same transaction, however great the difference in the form of liability or cause of action, the amendment will not be viewed as stating a new cause of action." *Id.* Thus, "an amendment does not constitute a new or different cause of action if it only varied the mode of demanding the same thing."

*Id.* Similarly in our case, adding a claim of statutory noncompliance when signing the will arises from the same cause of action as the claim of lack of testamentary capacity or undue influence. The amended claim is simply a new right of action under the original cause of action demanding the same thing, that being that the will be impeached and set aside.

With regard to § 8.01-6.1, which was added to the code after *Carter*, there is a split among the Virginia circuits as to its meaning. The split revolves around the issue of whether the statute was added to codify the common law, *See Swanson v. Woods Service Ctr.*, 71 Va. Cir. 281 (2006), *citing Vines v. Branch*, 244 Va. 185 (1992), or whether the statute was a legislative response to *Vines* that was meant to supersede the common law. *See Clark v. Britt*, 79 Va. Cir. 60 (2009), *citing Wallace v. Zoller*, 52 Va. Cir. 80 (2000). However, in the particular case before us the same result is reached using either theory. The amendment claiming that the will was improperly witnessed relates back to the original cause of action.

## *Multifarious Pleadings*

Defendant argues that the other amendments to Plaintiffs' pleading render the pleading multifarious. Specifically, Defendant asserts that the claims relating to procured designations before the testatrix died such as Defendant making herself beneficiary of a life insurance annuity, are governed by contract law and not the laws relating to wills. Plaintiffs believe that claim and the others newly alleged are multifarious to a complaint *devisavit vel non*. However, the recent change to Part 3 of the Rules of the Supreme Court of Virginia that combined law and chancery rules have changed the view of multifariousness. *See Page v. Baker*, 74 Va. Cir. 66 (2007). The changes in the Rules allow different counts to be filed in the same complaint with each count treated as a separate cause of action as long as there is some connecting link between them. *Id.* at 67. It is possible for a single count in a complaint to be multifarious if it includes multiple rights of action in the same count. *Id.* at 68. However, the complaint in the instant case has distinct individual counts, and there are no multiple causes of action within the same count. Accordingly, the Court finds that the amended complaint is not multifarious.

For the reasons set forth herein, Plaintiffs' Amended Complaint will be filed. Defendant will have twenty-one days from the date of this letter opinion to file her responsive pleadings.